UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>Todd Christenson and Mary Christenson<br>                             Debtors. | Bky. No. 10-48186 (RJK)<br><br>Chapter 7 Case |
| Todd Christenson,<br>                            Plaintiff,<br>v.<br>Steven J. Breitenfeldt,<br>                            Defendant. | Adv. Bky. No. _____ |

## COMPLAINT

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334(b). This is a core proceeding under 28 U.S.C. § 157.

2. This adversary proceeding arises under Rule 7001 of the Federal Rules of Bankruptcy Procedure, and relates to the administration of the above-captioned bankruptcy case.

3. Venue lies in this District as this is a proceeding related to a case under Title 11 of the United States Bankruptcy Code, and under 28 U.S.C. §§ 1408 and 1409.

4. Because this adversary proceeding is commenced to enforce rights under 11 U.S.C. § 524, reopening the case is not necessary under Local Rule 5010-1.

5. Plaintiff Todd Christenson ("Christenson") filed a Chapter 7 case on November 1, 2010 (the "Chapter 7 Case").

6.  Defendant Steven J. Breitenfeldt ("Breitenfeldt") was a creditor in the Chapter 7 Case.

7.  After the commencement of the Chapter 7 Case, Breitenfeldt initiated an adversary proceeding in this Court captioned *Breitenfeldt v. Christenson (In re Christenson)*, Adv. No. 11-04018 ("Adversary Proceeding") (Doc 1).

8.  In the Adversary Proceeding, Breitenfeldt sought a determination that a debt allegedly owed to him by Christenson (the "Debt") was nondischargeable under 11 U.S.C.§ 523(a)(2), (4), and (6).

9.  The Debt arose prior to the filing of the Chapter 7 Case on November 1, 2010.

10. The Adversary Proceeding was dismissed by the Court in an order dated September 14, 2011 (Doc 23).

11. The Court in the Chapter 7 Case never entered an order determining that any part of Christenson's prepetition debt was nondischargeable.

12. The Court entered an order on February 3, 2011 (the "Discharge Order") discharging Christenson's debts under 11 U.S.C. § 727 (Doc 14). Pursuant to 11 U.S.C. § 524(a)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" (the "Discharge Injunction").

13. The Court's Certificate of Notice indicates that notice of the Discharge Order was mailed to Breitenfeldt (Doc 15).

14. Because a discharge under 11 U.S.C. § 727 discharges the debtor from all debts that arose before the bankruptcy filing, any debt allegedly owed to Breitenfeldt by Christenson that arose before his bankruptcy filing was discharged by the Court's order.

15. On or about January 29, 2013, Breitenfeldt filed a Confession of Judgment based on the Debt in Anoka County District Court (case file number 02-CV-13-679).

16. On or about January 13, 2023, Breitenfeldt filed an action to renew the Confession of Judgment based on the Debt in Anoka County District Court (case file number 02-CV-23-235). The court entered judgment for Breitenfeldt on March 30, 2023 in the amount of $189,708.71 (the "Judgment").

17. On or about April 6, 2023, Breitenfeldt docketed the Judgment in Anoka County District Court.

18. On or about June 12, 2023, Breitenfeldt docketed the Judgment in Crow Wing County District Court for the purpose of placing a judgment lien against Christenson's real property located within Crow Wing County (case file number 18-CV-23-2025).

19. On or about January 19, 2024, the sheriff of Crow Wing County issued a Notice of Sheriff's Execution Sale (the "Sheriff's Sale") for a public auction of real property owned by Christenson for satisfaction of the Judgment. The Sheriff's Sale is scheduled to take place on April 3, 2024. A true and correct copy of the Notice of Sheriff's Execution Sale is attached hereto as **Exhibit A**.

20. The real property that is the subject of the Sheriff's Sale is located at 7771 Rolling Hills Road, Garrison, MN 56450, and is legally described as follows:

> That part of Government Lot 2, Section 27, Township 44 North, Range 28 West, Crow Wing County, Minnesota, lying southerly of the following described line: Commencing at the northwest corner of said Government Lot 2 and assigning the north line thereof to

bear North 88 degrees 06 minutes 23 seconds East: thence South 13 degrees 49 minutes 54 seconds East 1437.96 feet to the point hereinafter referred to as Point "A"; thence South 62 degrees 28 minutes 48 seconds East 139 feet, more or less, to the shoreline of Smith Lake and the point of beginning of the line to be herein described; thence North 62 degrees 28 minutes 48 seconds West, 139 feet, more or less, to said Point "A"; thence South 88 degrees 06 minutes 23 seconds West 29.58 feet; thence South 81 degrees 39 minutes 44 seconds West 180.00 feet, more or less, to the shoreline of Smith Lake and said line there terminating Together with an easement for ingress and egress as described in the Warranty Deed recorded as Document No. 834928, Crow Wing County, Minnesota,

(the "Real Property").

21. Breitenfeldt also has taken other steps to collect on the Debt, including garnishing Christenson's wages.

22. Breitenfeldt's above-described efforts to collect on the Debt constitute a violation of the Discharge Injunction in the Chapter 7 Case authorized by 11 U.S.C. § 524(a)(2).

23. On March 1, 2024, counsel for Christenson sent a letter (the "Letter") to counsel for Breitenfeldt, Jared M. Goerlitz, Esq. ("Goerlitz"), notifying him that Breitenfeldt's efforts to collect on the Debt constitute a violation of the Court's Discharge Injunction and demanding that he cancel the Sheriff's Sale and make no further efforts to collect on the Debt. A true and correct copy of the Letter to Goerlitz is attached hereto as **Exhibit B**.

24. On March 6, 2024, Goerlitz replied to the Letter by email stating, "We disagree with your position and believe a valid right exists to proceed with the collection of the judgment and the sheriff's execution sale." Christenson's attorney responded to Goerlitz asking for a telephone call to further discuss the issue. Goerlitz has not responded to that request. A true and correct copy of the email exchange is attached hereto as **Exhibit C**.

## COUNT I – QUIET TITLE

25. Christenson restates and realleges the proceeding paragraphs as if set forth here in full.

26. Section 105 of the Bankruptcy Code allows a bankruptcy court to enter any order or judgment necessary to carry out the provisions of the Bankruptcy Code. Pursuant to this section, the Court has the authority and discretion to award actual and punitive damages, costs, attorneys' fees, and sanctions as necessary to effectuate the Discharge Order and the Discharge Injunction.

27. There is a real, immediate, substantial and continuing controversy between Christenson and Breitenfeldt requiring the intervention of the Court with respect to enforcement of the Discharge Injunction, and Breitenfeldt's violation of the Discharge Injunction.

28. Christenson is entitled to an order determining that he is the fee owner of the Real Property and that Breitenfeldt has no right, title, or interest therein or lien thereon, and awarding Christenson his damages, including costs and attorneys' fees, and such other relief as the Court deems appropriate.

## COUNT II – ENFORCEMENT OF THE DISCHARGE INJUNCTION

29. Christenson restates and realleges the proceeding paragraphs as if set forth here in full.

30. The Discharge Injunction operates as an injunction against the commencement or continuation of an action or an act to collect, recover, or offset any such debt as a personal liability of Christenson. A discharge injunction is critical to a debtor's fresh start, and violations frustrate the goals of the bankruptcy code.

31. Pursuant to 11 U.S.C. § 105(a), Christenson is entitled to an order enforcing his rights under the Discharge Injunction, enjoining continuation of the Sheriff's Sale and any other collection efforts, and awarding Christenson his damages, including costs and attorneys' fees, and such other relief as the Court deems appropriate.

**COUNT III – CONTEMPT OF THE DISCHARGE INJUNCTION**

32. Christenson restates and realleges the proceeding paragraphs as if set forth here in full.

33. Christenson has suffered actual damages, as well as costs and attorneys' fees, as a direct result of Breitenfeldt's willful violation of the Discharge Injunction by taking actions to collect on the Debt, including by garnishing Christenson's wages.

34. Pursuant to 11 U.S.C. § 105(a), Christenson is entitled to an order and judgment finding Breitenfeldt to be in contempt of the Discharge Injunction and that Christenson has been damaged by the violation thereof, awarding Christenson his damages, sanctions, costs and attorneys' fees, and such other relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Christenson requests judgment from the Court as follows:

1. Declaring, adjudging, and ordering that Christenson is the fee owner of the Real Property and that Breitenfeldt has no right, title, or interest therein or lien thereon;

2. Enjoining continuation of the Sheriff's Sale;

3. Enjoining all other efforts to collect on the Debt, including by enforcing in any way any judgment that arose in whole or in part from the Debt;

4. Declaring, adjudging, and ordering that Breitenfeldt is in contempt of the Discharge Injunction;

5. Awarding Christenson his damages, sanctions, costs and attorneys' fees; and

6. Granting and awarding Christenson such other and further relief as the Court deems just and equitable.

Dated: March 15, 2024		*/s/ Gregory S. Otsuka*
Gregory S. Otsuka (0397873)
Silas J. Petersen (0504555)
Larkin Hoffman Daly & Lindgren Ltd.
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota  55437-1060
(952) 835-3800
gotsuka@larkinhoffman.com
spetersen@larkinhoffman.com

Attorneys for Debtor/Plaintiff

4856-0641-8092, v. 1

# EXHIBIT A

# NOTICE OF SHERIFF'S EXECUTION SALE
# REAL PROPERTY

Under and by virtue of an Execution Issued out of and under the seal of the District Court of the State of Minnesota, in and for the Tenth Judicial District and County of Anoka on the 6th day of April, 2023, upon a judgment rendered and docketed in said Court and County in an action therein, wherein Steven J. Breitenfeldt was Plaintiff, and Todd Christenson was Defendant, in favor of said Plaintiff and against said Defendant for the sum of $189,708.71, as appears in the judgment roll filed in the office of the Clerk of said District Court for said County of Anoka, and

**WHEREAS**, said judgment was docketed in the District Court of Anoka County on the 6th day of April, 2023, and the sum of $203,173.26 (including accrued costs and interest computed to $13,464.55) is now actually due thereon, plus additional interest computed up to and including the date of sale and all of my fees, costs and disbursements of levy and sale, and

**WHEREAS**, said Execution has to me as Sheriff of Crow Wing County been duly directed and delivered,

**PLEASE TAKE NOTICE** that I have levied upon and will sell at public auction to the highest cash bidder, in the lobby of the Sheriff's Office, 304 Laurel Street, Brainerd, MN 56401, County of Crow Wing, on the 3rd day of **April 2024**, at 10:00 o'clock in the morning of that day, all the right, title and interest that the above-named defendants had on the 12th day of June, 2023, (that being the date of docketing of said judgment in Crow Wing County) in and to the real estate hereinafter described, or any interest therein which said defendant has since that day acquired, the description of the property being as follows, to-wit:

REAL PROPERTY

That part of Government Lot 2, Section 27, Township 44 North, Range 28 West, Crow Wing County, Minnesota, lying southerly of the following described line: Commencing at the northwest corner of said Government Lot 2 and assigning the north line thereof to bear North 88 degrees 06 minutes 23 seconds East: thence South 13 degrees 49 minutes 54 seconds East 1437.96 feet to the point hereinafter referred to as Point "A"; thence South 62 degrees 28 minutes 48 seconds East 139 feet, more or less, to the shoreline of Smith Lake and the point of beginning of the line to be herein described; thence North 62 degrees 28 minutes 48 seconds West, 139 feet, more or less, to said Point "A"; thence South 88 degrees 06 minutes 23 seconds West 29.58 feet; thence South 81 degrees 39 minutes 44 seconds West 180.00 feet, more or less, to the shoreline of Smith Lake and said line there terminating
Together with an easement for ingress and egress as described in the Warranty Deed recorded as Document No. 834928, Crow Wing County, Minnesota,

Property address: 7771 Rolling Hills Road, Garrison, MN 56450

according to the plat thereof on file or of record in the office of the Register of Deeds in and for

1

CM-11466-1046

Crow Wing County, Minnesota.

Eric Klang,
Sheriff of Crow Wing County, Minnesota

Dated: 1/19/2024

By Teri Franzen, Special Deputy

Attorney for Judgment Creditor
Jared M. Goerlitz (#386714)
Goerlitz Law, PLLC
7595 Currell Blvd
P.O. Box 25194
St. Paul, MN 55125
(651) 237-3494
12/2023-464.00001 Breitenfeldt

2

CM-11466-1046

## HOMESTEAD DESIGNATION NOTICE

IF PART OF THE PROPERTY TO BE SOLD CONTAINS YOUR HOUSE, YOU MAY DESIGNATE AN AREA AS A HOMESTEAD TO BE SOLD AND REDEEMED SEPARATELY.

YOU MAY DESIGNATE THE HOUSE YOU OCCUPY AND ANY AMOUNT OF THE PROPERTY AS A HOMESTEAD. THE DESIGNATED HOMESTEAD PROPERTY MUST CONFORM TO THE LOCAL ZONING ORDINANCES AND BE COMPACT SO THAT IT DOES NOT UNREASONABLY REDUCE THE VALUE OF THE REMAINING PROPERTY.

YOU MUST PROVIDE THE PERSON FORECLOSING ON THE PROPERTY, THE SHERIFF, AND THE COUNTY RECORDER WITH A COPY OF THE LEGAL DESCRIPTION OF THE HOMESTEAD YOU HAVE DESIGNATED BY TEN BUSINESS DAYS BEFORE THE DATE THE PROPERTY IS TO BE SOLD.

CM-11466-1046

712082X152X15XPRI
Goerlitz Law, PLLC
PO Box 25194
7595 Currell Blvd
St. Paul, MN 55125



www.CaseMail.us

**NOTICE:**
The enclosed documents were mailed on behalf of the sender by CaseMail.

1***********************SNGLP 480

Mary Christenson
6150 202nd St N
Forest Lake, MN 55025-9728

## CERTIFICATE OF SERVICE

**CASEMAILID:** CM-11466-1046

The enclosed documents marked with the CASEMAIL ID listed above, were deposited for delivery by The United States Postal Service, via **First Class Mail**. prepaid, with sufficient postage.

On Behalf of:
Goerlitz Law, PLLC
P.O. Box 25194
7595 Currell Blvd.
St. Paul MN 55125

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have mailed the enclosed document(s) marked with the above listed CASEMAL ID hereto in the manner shown and prepared a Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

**DIGITAL STAMP:**



Joe L. Ruiz

*[signature]*

CaseMail


**UNITED STATES POSTAL SERVICE** ®
*Approved Postal Provider* ®

# EXHIBIT B



March 1, 2024

Jared M. Goerlitz  
Goerlitz Law, PLLC  
7595 Currell Blvd.  
P.O. Box 25194  
St. Paul, MN 55125  
jgoerlitz@goerlitzlaw.com

**Via Overnight Delivery and Email**

Re: *Todd Christenson Judgment*

Dear Mr. Goerlitz:

This firm represents Todd Christenson. I write with respect to the judgment your client Steven J. Breitenfeldt obtained against Mr. Christenson in District Court for Anoka County (the "Anoka Judgment"). The basis of the Anoka Judgment is a debt that Mr. Breitenfeldt asserts Mr. Christenson owes to him as a result of a settlement of an adversary proceeding (the "Debt"). Your client now is attempting to execute on the Anoka Judgment through a Sheriff's Execution Sale noticed for April 3, 2024.

In short, the Anoka Judgment is invalid because it is based on a debt that was discharged by the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court"). Accordingly, Mr. Breitenfeldt's efforts to collect on that debt constitute a violation of the discharge injunction authorized by 11 U.S.C. § 524(a)(2). Violating a discharge order and the discharge injunction may subject a creditor to a finding of civil contempt and sanctions. Accordingly, Mr. Christenson demands that Mr. Breitenfeldt immediately cease all efforts to collect on the Debt, including canceling the Sheriff's sale. If Mr. Breitenfeldt refuses, Mr. Christenson will pursue appropriate relief, including seeking sanctions against Mr. Breitenfeldt, in the Bankruptcy Court.

As you know, Mr. Breitenfeldt initiated an adversary proceeding captioned *Breitenfeldt v. Christenson (In re Christenson)*, Adv. No. 11-04018 in the Bankruptcy Court. In the adversary proceeding, Mr. Breitenfeldt sought a determination that a debt allegedly owed to him by Mr. Christenson was not dischargeable under 11 U.S.C. § 523(a)(2), (4), and (6). That debt arose prior to the filing of Mr. Christenson's bankruptcy case on November 1, 2010. The adversary proceeding was dismissed by the Bankruptcy Court in an Order dated September 14, 2011. Critically, the Bankruptcy Court never entered an order determining that any part of Mr. Christenson's prepetition debt was nondischargeable. The Bankruptcy Court entered an Order on February 3, 2011 discharging Mr. Christenson's debts under 11 U.S.C. § 727. The Bankruptcy Court's Certificate of Notice indicates that notice of the discharge order was mailed to Mr. Breitenfeldt. A discharge under section 727 "discharges the debtor from all debts that arose before the" bankruptcy filing. 11 U.S.C. § 727(b). Accordingly, any debt allegedly owed to Mr. Breitenfeldt by Mr. Christenson that arose before his bankruptcy filing was discharged by the Bankruptcy Court's order.

Any agreement between Mr. Breitenfeldt and Mr. Christenson that his debt was not dischargeable does not change the outcome. Under well-settled law, bankruptcy court approval is required for a debt to be nondischargeable, and "[t]his holds even if a defendant *settles* a claim that could be nondischargeable under section 523(a)(2), (4) or (6)." *See, e.g., In re Craytor*, 650 B.R. 470, 480 (Bankr. D.N.J. 2023) (citing ample authority). In *Craytor*, as here, the creditor filed an adversary proceeding in which it claimed the debt it was owed was nondischargeable under section 523(a), the debtor and creditor settled the adversary proceeding, and the bankruptcy court did not enter an order of nondischargeability. Subsequently, the bankruptcy court in that case held that despite the settlement, because the bankruptcy court did not enter an order on nondischargeability, the debt was discharged and thus the creditor violated the discharge injunction by attempting to collect on the debt.

Mr. Breitenfeldt's efforts to collect on the Debt similarly violate the discharge injunction. We hereby demand that you confirm in writing by no later than 5:00 p.m. Central on March 6, 2024 that (i) the Sheriff's Execution Sale has been cancelled, (ii) Mr. Breitenfeldt agrees to vacate all judgments against Mr. Christenson obtained on account of debts that arose prior to November 1, 2010; and (iii) Mr. Breitenfeldt agrees to make no further efforts to collect on any debt allegedly owed to him by Mr. Christenson that arose prior to November 1, 2010. If Mr. Breitenfeldt makes any further efforts to collect on the Debt or any other debt that was discharged by the Bankruptcy Court, including by attempting to proceed with a Sheriff's Execution Sale, Mr. Christenson will have no choice but to move expeditiously to reopen his bankruptcy case to seek relief, including sanctions, for Mr. Breitenfeldt's violation of the discharge injunction.

I look forward to hearing from you.

Sincerely,

Gregory S. Otsuka, for
Larkin Hoffman

Direct:  (952) 896-1529
Email:  gotsuka@larkinhoffman.com

*Attorneys for Todd Christenson*

cc: Todd Christenson

4884-1491-0890, v. 2

# EXHIBIT C

# Otsuka, Gregory S.

**From:** Otsuka, Gregory S.
**Sent:** Wednesday, March 6, 2024 4:22 PM
**To:** Jared Goerlitz
**Subject:** RE: Letter re. Breitenfeldt/Christenson

Would you like to schedule a call tomorrow to discuss?

**From:** Jared Goerlitz <jgoerlitz@goerlitzlaw.com>
**Sent:** Wednesday, March 6, 2024 4:18 PM
**To:** Otsuka, Gregory S. <gotsuka@larkinhoffman.com>
**Subject:** RE: Letter re. Breitenfeldt/Christenson

This Message Is External to Larkin Hoffman.

Hi Mr. Otsuka:

My client and I have reviewed your letter and the history of this matter leading to the current judgment against Mr. Christianson, including the pending sheriff's execution sale. We disagree with your position and believe a valid right exists to proceed with the collection of the judgment and the sheriff's execution sale.

Thanks, Jared

**Jared M. Goerlitz**
Attorney/Owner



mailing address: P.O. Box 25194 | 7595 Currell Blvd | St. Paul, MN 55125
office address: The Reserve | 724 Bielenberg Dr. | St. Paul, MN 55125
phone: 651-237-3494 | cell: 612-987-6414
visit us online: www.goerlitzlaw.com

---

**From:** Otsuka, Gregory S. <gotsuka@larkinhoffman.com>
**Sent:** Friday, March 1, 2024 1:06 PM
**To:** Jared Goerlitz <jgoerlitz@goerlitzlaw.com>
**Subject:** Letter re. Breitenfeldt/Christenson

Mr. Goerlitz, please see the attached letter.

**Gregory S. Otsuka**
Attorney
direct | 952-896-1529
fax    | 952-842-1706



8300 Norman Center Drive
Suite 1000
Minneapolis, MN 55437-1060

**www.larkinhoffman.com**

**CONFIDENTIALITY NOTICE:**

INFORMATION IN THIS MESSAGE, INCLUDING ANY ATTACHMENTS, IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE.  This message may be an Attorney-Client communication from the law firm of Larkin Hoffman Daly & Lindgren Ltd., and as such is privileged and confidential.  If you are not an intended recipient of this message, or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you received this message in error, please notify the sender immediately, delete the message, and return any hard copy print-outs.  No legal advice is being provided or implied via this communication unless you are (1) a client of Larkin Hoffman Daly & Lindgren Ltd., and (2) an intended recipient of this message.

This message may have been sent to you using encrypted delivery. If you reply to an encrypted email, your email provider may deliver the response with encryption. [Forwarding this message may not provide the same encryption safeguards, depending on the email services being used. By doing so, you may unknowingly expose the sensitive content to others via the Internet.]