## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Todd Christenson and Mary Christenson,                    Bky. No. 10−48186

Debtors.

Todd Christenson,                                        Adv. No.: 24-04033

Plaintiff,

v.

Steven J. Breitenfeldt,

Defendant.

## DEFENDANT'S NOTICE OF HEARING AND CROSS MOTION FOR SUMMARY JUDGMENT

**TO:   Todd Christenson, through is counsel of record.**

1.      Defendant Steven J. Breitenfeldt, by and through his undersigned attorney, moves this court for the relief requested below and gives notice of hearing.

2.      The court will hold a hearing on this motion at **10:00 a.m.** on **August 22, 2024**, at the United States Courthouse at 316 North Robert Street, St. Paul, Minnesota, 55101, or telephonically, before Bankruptcy Judge Kesha Tanabe.

3.      Any response to this motion must be filed and served as set forth in the Order Approving Stipulation to Cross Motion Briefing Schedule.

4.      The court has jurisdiction over this motion pursuant to 28 U.S.C §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The

1

petition commencing this chapter 7 case was filed on November 1, 2010..   The case is now

pending in this court.

5.      This motion arises under Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56 and Local Rule

7007-1 and 7056-1.   Defendant Steven J. Breitenfeldt seeks to dismiss the adversary complaint

under Bankruptcy Rule 7056 and Federal Rule 56 because no disputed issues of material fact exist

and Defendant Steven J. Breitenfeldt is entitled to judgment as a matter of law.

6.      On March 15, 2024, Plaintiff commenced this adversary proceeding against the

Defendant Steven J. Breitenfeldt by filing a complaint. On July 2, 2024, Plaintiff filed a motion

for partial summary judgment.

WHEREFORE, Defendant Steven J. Breitenfeldt seeks an order of the Court denying

Plaintiff's motion for partial summary judgment and granting Defendant summary judgment

dismissing the Complaint with prejudice.

**GOERLITZ LAW, PLLC**

Date: <u>July 25, 2024</u>          By: <u>  /e/ Jared M. Goerlitz                </u>
                                          Jared M. Goerlitz (#386714)
                                          *jgoerlitz@goerlitzlaw.com*
                                          P.O. Box 25194
                                          7595 Currell Blvd
                                          St. Paul, MN 55125
                                          Phone: (651) 237-3494
                                          *Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

Todd Christenson and Mary Christenson,                          Bky. No. 10−48186

Debtors.

Todd Christenson,                                               Adv. No.: 24-04033

Plaintiff,

v.

Steven J. Breitenfeldt,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Steven J. Breitenfeldt ("**Defendant**") submits this memorandum of law in support of his cross-motion for summary judgment to dismiss Plaintiff Todd Christenson's ("**Plaintiff**") adversary complaint and in opposition to Plaintiff's cross-motion for summary judgment. Consistent with the Court's record at the preliminary injunction hearing, Plaintiff does not have a valid claim that the settlement between the parties in the original adversary proceeding is unenforceable. During the pendency of that adversary proceeding, and to settle that adversary proceeding, the parties entered into a valid and enforceable settlement. In addition, the adversary court retained jurisdiction to enforce that settlement – which it could still do – and Plaintiff's claims are barred by the doctrine of laches. As set forth below, Defendant's motion for partial summary judgment should be granted and Plaintiff's motion for partial summary judgment should be denied.

1

## STATEMENT OF UNDISPUTED FACTS

The following facts are undisputed and form the basis for the motion requesting an order granting Defendant partial summary judgment:

1.      On November 1, 2010, Plaintiff filed Chapter 7 bankruptcy (the "**Bankruptcy Case**"). (Bky. Case No. 10-48186, Doc. 1).

2.      On January 20, 2011, in the Bankruptcy Case, Defendant filed a Complaint for Determination of Dischargeability of Debt resulting in Adv. No. 11-04018 (the "**Adversary Case**"). (Otsuka Decl. ¶ 3, Ex. B).

3.      On February 3, 2011, a discharge order was entered by the Court in the Bankruptcy Case. (Otsuka Decl. ¶ 3, Ex. B).

4.      By Settlement Agreement dated August 18, 2011 and Confession of Judgment dated October 5, 2011 (collectively the "**Settlement**"), Plaintiff and Defendant settled the Adversary Case. (Breitenfeldt Decl. ¶ 2, Ex. 1).

5.      By Order entered on September 14, 2011 in the Adversary Case, the Court Ordered:

That this adversary proceeding is hereby dismissed without prejudice and without costs to any party. The Court hereby retains complete jurisdiction to vacate this order and to reopen the proceeding upon cause shown that further litigation is necessary, that a settlement has not been completed or that the parties wish to submit and file a stipulation or stipulated form of final judgment to complete a settlement.

(Otsuka Decl. ¶ 5, Ex. D).

6.      Plaintiff defaulted on the Settlement. (Breitenfeldt Decl. ¶ 3; *see, e.g.* Otsuka Decl. ¶ 6, Ex. E). Defendant filed the confession of judgment and on January 29, 2013 judgment was entered against Plaintiff in Anoka County District Court File No. 02-CV-13-679 (the "**1st Anoka Judgment**"). (*Id.*)

7.      Plaintiff did not respond or oppose the filing of the Confession of Judgment or the obtaining of the 1st Anoka Judgment. (Breitenfeldt Decl. ¶ 3).

2

8.      After the entry of the 1st Anoka Judgment, by letter dated May 12, 2017, counsel for Defendant verified that the application for discharge of judgment sought by Plaintiff did not apply to the 1st Anoka Judgment. (Breitenfeldt Decl. ¶ 4, Ex. 2).

9.      Defendant also sought to collect on the 1st Anoka Judgment through garnishment, (*see, e.g.* Compl. ¶ 21; Ans. ¶ 11) and through a subpoena dated June 7, 2017 and subsequent communications with Plaintiff whereby tax returns and bank statements were provided for Defendant to collect on the 1st Anoka Judgment. (Breitenfeldt Decl. ¶ 5, Ex. 3).

10.     On January 13, 2023, Defendant sought to renew the 1st Anoka Judgment in Anoka County District Court File No. 02-CV-23-235. (Otsuka Decl. ¶ 7, Ex. F).

11.      On March 30, 2023, entry of judgment was entered in Court File No. 02-CV-23-235 (the "**2nd Anoka Judgment**"). (Breitenfeldt Decl. ¶ 6; Otsuka Decl. ¶¶ 8-9, Ex. G-H).

12.     Plaintiff did not respond or oppose the renewal of the judgment or the obtaining of the 2nd Anoka Judgment. (Breitenfeldt Decl. ¶ 6).

13.     On March 1, 2024, Defendant first learned Plaintiff was alleging that the Settlement was unenforceable. (*Id*. at ¶ 7).

## ARGUMENT

### I.    MOTION FOR SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 applies to bankruptcy adversary proceedings. Fed. R. Bank. Pro. 7056. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to

rebut with facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

As outlined below, no issues of genuine fact exist, and Defendant is entitled to judgment as a matter of law. Defendant's motion for partial summary judgment should be granted.

## II.     THE SETTLEMENT AGREEMENT IS A VALID AND ENFORCEABLE CONTRACT.

Plaintiff and Defendant entered into a valid and enforceable post-petition settlement in which the terms, and meeting of the minds, are set forth in the Settlement. Because the parties entered into a valid and enforceable post-petition settlement, Plaintiff's theory is wrong, and Defendant is entitled to judgment dismissing Plaintiff's adversary complaint.

### 1.   Settlement Agreements are Contracts.

A settlement agreement is a contract. *Ryan v. Ryan*, 292 Minn. 52, 55, 193 N.W.2d 295, 297 (1971). "A contract is formed when two or more parties exchange bargained-for promises, manifest mutual assent to the exchange, and support their promises with consideration." *Med. Staff of Avera Marshall Reg'l Med. Ctr. v. Avera Marshall*, 857 N.W.2d 695, 701 (Minn. 2014) (*citing* Restatement (Second) of Contracts § 17 (1981). "Consideration requires that one party to a transaction voluntarily assume an obligation on the condition of an act or forbearance by the other party." *U.S. Sprint Commc'ns Co., Ltd. v. Comm'r of Revenue*, 578 N.W.2d 752, 754 (Minn. 1998); *see also Baehr v. Penn–O–Tex Oil Corp.*, 258 Minn. 533, 539, 104 N.W.2d 661, 665 (1960) (explaining that consideration "insures that the promise enforced as a contract is not accidental, casual, or gratuitous, but has been uttered intentionally as the result of some deliberation,

manifested by reciprocal bargaining or negotiation").

Here, we have a settlement supported by proper consideration whereby Plaintiff voluntarily assumes an obligation to pay Defendant $100,000 and Defendant agrees to forgo his claim for $339,394.14 in the Adversary Case and forbearing to proceed to judgment and seeking post-judgment remedies against Plaintiff. (*See* Breitenfeldt ¶ 2, Ex. 1). Notably, this was not some promise to do something that one is already legally obligated to do and provides no benefit making it a "mere naked promise," *Hilde v. Int'l Harvester Co. of Am., 166 Minn. 259, 260, 207 N.W. 617, 618 (1926)*, that does not constitute consideration. *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 728 (Minn. 1985) (stating the common law rule that if a party does or promises to do what he is already legally obligated to do, there is insufficient consideration to support the new promise). When the language is clear and unambiguous, we enforce the agreement of the parties as expressed in the language of the contract. *Valspar Refinish, Inc., v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

Importantly, the Settlement must be viewed in the context in which it was entered –during the pendency of the Adversary Case whereby $339,394.14 was sought to be determined nondischargeable. And, adversary cases seeking debts be determined nondischargeable in Minnesota are routinely settled under similar circumstances whereby a settlement agreement and confession of judgment are entered into by parties without obtaining a determination of non-dischargeability by the bankruptcy court. This important aspect of consideration – both parties' agreement to the dismissal of the pending adversary case seeking to determine a debt non-dischargeable – distinguishes the new consideration of these adversary settlements from other

types of settlements of pre-petition debts determined to be unenforceable.

Plaintiff and Defendant entered into a valid new contract – the Settlement.

### 2. The Settlement Resulted in a New Post-Petition Debt.

The best parallel for confirming that the Settlement is a valid and enforceable new post-petition debt is the law involving prepetition education loans consolidated post-petition. "Courts have long held that an educational loan consolidation discharges the previous educational loans and if consolidation occurs postpetition, it creates a new postpetition obligation that cannot be discharged". *In re Schultz*, 615 B.R. 834, 844 (Bankr. D. Minn. 2020)(consolidating cases). The logic, consistent with the Settlement here, is that "[a] consolidation loan is considered to be a new loan which pays the balances owed on previous loans, extinguishing the original loans and all rights and duties thereunder, and creating new rights and obligations in the new loan." *In re Lakemaker*, 241 B.R. 577, 581 (Bankr. N.D. Ill. 1999). Here, the Settlement creates similar new consideration because the parties' rights to proceed with the Adversary Case were extinguished and new rights and obligations were created under the Settlement and confession of judgment. Thus, like consolidated post-petition educational loans, adversary settlements – and the Settlement here – result in new post-petition debts enforceable against the debtor.

### 3. Plaintiff's Reliance on *In re Craytor* is Misplaced.

Plaintiff argues that *In re Craytor,* 650 B.R. 470, 479-80 (Bankr. D.N.J. 2023) "involve[s] remarkably similar facts [and] is instructive". (Pl. ['s] Mem. p. 8). As the sole authority[1] that may

---

[1] The other cases relied upon by Plaintiff simply stand for the proposition that the bankruptcy court should approve a settlement of an adversary proceeding seeking debts are non-dischargeable, but do not otherwise state such settlements are unenforceable. *See, e.g. In re Bermingham*, 201 B.R. 808, 817 (Bankr. W.D. Mo 1996); *In re Saler*, 205 B.R. 737, 745 (Bankr. E.D. Pa. 1997). Notably, these cases are also cited and relied upon by *In re Craytor. See*, 650 B.R. at 480.

directly support Plaintiff's position, Plaintiff's reliance is misplaced.

In *Craytor*, the parties agreed to the terms of a settlement that required the execution of new post-petition notes and mortgages. *See*, 650 B.R. at 476. Facts were to be placed "on the record to allow for a non-dischargeable judgment". *Id*. And, the parties were to execute "any and all documents to effectuate the terms of [the] settlement. *Id*.

Although the parties came to such an agreement, an Order to Show Cause was issued by the Court "to show cause why the adversary proceeding should not be dismissed for lack of prosecution." *Id*. at 477. The Order to Show Caused ended by stating: "**This adversary proceeding will be dismissed with prejudice if stipulation is not filed prior to hearing.**" *Id*. (emphasis in original). Then, no one attended the hearing, and the court dismissed the adversary proceeding with prejudice. *Id*. Thus, despite the settlement, the parties later allowed the case to be dismissed with prejudice. Notably, nothing happened for months, no settlement agreement was signed, and no new post-petition notes and mortgages were executed. *See id*. In other words, the settlement in *Craytor* did not result in any new consideration to support a settlement. *See id*.

Plaintiff and Defendant here entered into a valid and enforceable Settlement that resulted from new consideration that included the dismissal of the Adversary Case. Although the Court could have approved the Settlement to make it nondischargeable, such approval was not required. And, the only case that purportedly requires approval of the Settlement to make it nondischargeable, is distinguishable. *See id.*

Defendant's motion for summary judgment seeking to dismiss Plaintiff's case should be granted. Plaintiff's motion for partial summary judgment should be denied.[2]

---

[2] Because a valid and enforceable Settlement exists, the remainder of Plaintiff's claims are also appropriate for dismissal with prejudice because they are all premised upon the Settlement being unenforceable. There is no title to quiet under Count I. There is no violation of the discharge

### III.     EVEN IF PLAINTIFF IS CORRECT, THE COURT RETAINED JURISDICTION IN CAN NOW USE TO DETERMINE THE DEBT IS NON-DISCHARGEABLE.

Even if Plaintiff's theory was correct (which it is not), this Court can now simply determine that the debt was non-dischargeable by approving the Settlement. As Plaintiff's recognize, the Order in the Adversary Case states:

> The Court hereby retains complete jurisdiction to vacate this order and to reopen the proceeding upon cause shown that further litigation is necessary, that a settlement has not been completed or that the parties wish to submit and file a stipulation or stipulated form of final judgment to complete a settlement.

If, as Plaintiff argues, all that is required is an order approving a settlement to make the Settlement enforceable, the Court expressly retained jurisdiction to do just that; approve the Settlement. The Court here should then just issue an order approving the Settlement making Plaintiff's argument irrelevant. Plaintiff has not identified any authority preventing the Court from exercising such jurisdiction. Thus, if the Court does find any credibility to Plaintiff's theory, it should exercise the retained jurisdiction in the Adversary Case to approve the Settlement as agreed to by the parties.

### IV.     PLAINTIFF'S CLAIMS ARE BARRED BY LACHES.

Lastly, the doctrine of laches also allows the Court to dismiss Plaintiff's adversary complaint. "The doctrine of laches is defined as '[t]he equitable doctrine by which a court denies relief to a claimant who has unreasonably delayed in asserting the claim, when that delay has prejudiced the party against whom relief is sought.'" *In re RFC & ResCap Liquidating Tr. Litig.*, No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *11–12 (D. Minn. May 21, 2015) (quoting Black's Law Dictionary (9th ed. 2009)); *see also Martin v. Dicklich*, 823 N.W.2d 336, 340 (Minn. 2012). "Application of the doctrine of laches depends on a factual determination in each case." *Harr v. City of Edina*, 541 N.W.2d 603, 606 (Minn. App. 1996). To determine if laches applies,

---

injunction under Count II. There cannot be any contempt under Count III. Therefore, Plaintiff's adversary complaint, in its entirety, should be dismissed with prejudice.

courts consider "'whether there has been such an unreasonable delay in asserting a known right, resulting in prejudice to others, as would make it inequitable to grant the relief prayed for.'" *Id*. (quoting *Fetsch v. Holm*, 52 N.W.2d 113, 115 (Minn. 1952)). The courts must consider the following factors when deciding whether the doctrine of laches applies: (1) the availability of the defense as determined by the nature of the action, (2) the reasons for the delay, (3) prejudice, and (4) policy considerations. *M. A. D. v. P. R.*, 277 N.W.2d 27, 29 (Minn. 1979)

"A claimant has knowledge of the right to make a claim when the claimant has actual notice of the claim *or, in the exercise of proper diligence, ought to have discovered the claim*." *In re WCAL Charitable Tr.*, No. A09-703, 2009 WL 5092650, at *6–7 (Minn. Ct. App. Dec. 29, 2009) (emphasis added). Unlike statutes of limitation, the application of laches is:

> principally a question of the inequity of permitting the claim to be enforced, - an inequity founded upon some change in the condition or relations of the property or the parties.
>
> […]
>
> [Laches may be applied] where a court of equity finds that the position of the parties has so changed that equitable relief cannot be afforded without doing injustice, or that the intervening rights of third persons may be destroyed or seriously impaired….

*Kahnke v. Green*, 695 N.W.2d 148, 152–53 (Minn. Ct. App. 2005) *(quoting Ward v. Sherman*, 192 U.S. 168, 177 (1904)). Finally, while it is not required, prejudice "is an important consideration in determining the reasonableness of a delay." *Id*. at 153.

Here, if Plaintiff's theory has any merit, a judgment was docketed against him many years ago, collection actions were taken against him many years ago, he was represented by the same law firm he is now at one point and has had a significant amount of time to discover his claim that the Settlement was unenforceable because it was not approved by the Court. If unreasonable delay exists, this must be it. No reasonable excuse exists for waiting thirteen years. Importantly, to the extent there is some colorable argument that the Court no longer has jurisdiction under the

9

Adversary Case to now approve the settlement, Defendant has then been prejudiced. Certainly, had Plaintiff raised the issue right away, Defendant would have used the retained jurisdiction and had the Settlement approved. In total, Plaintiff's adversary complaint should be barred by laches.

## V.   DEFENDANT HAS VALID SLANDER OF TITLE AND ATTORNEY FEE COUNTERCLAIMS.

Plaintiff seeks partial summary judgment dismissing Defendant's slander of title counterclaim and attorney fee counterclaim. The dismissal of both counterclaims is premised upon Plaintiff prevailing on his theory that the Settlement is unenforceable. (Pl. ['s] Mem. p. 16). In the event Defendant prevails on his motion for partial summary judgment, the veracity of counterclaims becomes apparent.

The elements of a slander of title claim are: (1) false statement concerning the ownership of real property; (2) publication of the false statement; (3) malice; and (4) special damages. *Brickner v. One Land Development Co.*, 724 N.W.2d 706, 711 (Minn. Ct. App. 2007)(*citing Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000)). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. *Paidar v. Hughes*, 615 N.W.2d. at 280 (*citing Kelly v. First State Bank of Rothsay*, 145 Minn. 331, 332, 177 N.W. 347, 347 (1920). The malice element of a slander of title claim requires a "reckless disregard concerning the truth or falsity of a matter – despite a high degree of awareness of probable falsity or entertaining doubts as to its truth." *Brickner*, 724 N.W.2d at 711-12.

Here, on March 28, 2024, the Court denied the preliminary injunction for the reasons stated on the record. On the record, the Court made Plaintiff aware that there was no likelihood of success on the merits of his claim. Then, despite the Court's statement, on April 2, 2024, Plaintiff filed a lis pendens on the title to property Defendant completed his judgment execution sale. (Otsuka Decl. ¶¶ 13-14, Ex. L-M). Therefore, the filing of the lis pendens was the filing of false statement

done with reckless disregard. Defendant's slander of title claim is valid and Plaintiff's motion seeking to dismiss it should be denied.

Similarly, Plaintiff seeks to dismiss Defendant's claim for attorney's fees. Again, this is based upon Plaintiff prevailing on his theory that the Settlement is not enforceable, and by extension, the contractual right to attorney's fees is unenforceable. (Pl. ['s] Mem. p. 18). However, because the Settlement is valid and enforceable, the contractual right to attorney's fees is enforceable. Plaintiff's motion seeking to dismiss the attorney fee counterclaim should be denied.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion for summary judgment seeking to dismiss Plaintiff's case should be granted. Plaintiff's motion for partial summary judgment should be denied.

**GOERLITZ LAW, PLLC**

Date: <u>July 25, 2024</u>          By:   <u>/e/ Jared M. Goerlitz</u>
                                        Jared M. Goerlitz (#386714)
                                        *jgoerlitz@goerlitzlaw.com*
                                        P.O. Box 25194
                                        7595 Currell Blvd
                                        St. Paul, MN 55125
                                        Phone: (651) 237-3494
                                        *Attorneys for Defendant*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Todd Christenson and Mary Christenson,                    Bky. No. 10−48186

Debtors.

Todd Christenson,                                         Adv. No.: 24-04033

Plaintiff,

v.

Steven J. Breitenfeldt,

Defendant.

## SWORN DECLARATION OF STEVEN J. BREITENFELDT FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT

STATE OF MINNESOTA            )
                              )ss.
COUNTY OF SCOTT               )

    1.    I am the Plaintiff in the above-referenced matter and submit this sworn declaration for the cross-motions for summary judgment based upon my review of my records maintained in the ordinary course of business and upon my personal knowledge.

    2.    A true and correct copy of the Confession of Judgment and Settlement Agreement (the "**Adversary Settlement**") with Plaintiff settling Adversary No. 11-04018 from my file is attached hereto as Exhibit No. 1.

    3.    Plaintiff defaulted on his obligations under the Adversary Settlement causing me to file the Confession of Judgment for the entry of judgment entered January 29, 2013 in Court File

1

No. 02-CV-13-679 (the "**1st Anoka Judgment**"). Plaintiff did not respond or oppose my filing of the Confession of Judgment or obtaining the entry of judgment on January 29, 2013.

4.      Attached hereto as Exhibit No. 2 is a true and correct copy of the letter from my file sent by my attorney on May 12, 2017.

5.      Based upon a review of my file, my counsel served Plaintiff with a post judgment subpoena dated June 7, 2017. Attached hereto as Exhibit No. 3 is a true and correct copy of the email string from my file from communications between Plaintiff and my counsel from that subpoena.

6.      The 1st Anoka Judgment was not paid in full, and I retained counsel to renew the judgment whereby the entry of judgment was entered on March 30, 2023 in Court File No. 02-CV-23-235 (the "**2nd Anoka Judgment**"). Plaintiff did not respond or oppose my filing of the renewal of the judgment or obtaining the entry of judgment on March 30, 2023.

7.      On March 1, 2024, I first knew that Plaintiff was alleging that the Adversary Settlement was unenforceable when my counsel provided me the letter from opposing counsel.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT EVERYTHING I STATED IN THIS DOCUMENT IS TRUE AND CORRECT.**

Date: July 25, 2024                    By: _____/s/ Steven J. Breitenfeldt_____

                                                      Steven J. Breitenfeldt

*Breitenfeldt Declaration*

# EXHIBIT 1

STATE OF MINNESOTA

COUNTY OF ANOKA

DISTRICT COURT

TENTH JUDICIAL DISTRICT

---

In the Matter of the Confession
Of Judgment of:

Todd Christenson

                         Defendant(s),

In Favor of

Steven J. Breitenfeldt

                 Plaintiff.

Case Type:  Contract

Court File No.:

**CONFESSION OF
JUDGMENT**

---

       1.      I do hereby admit, acknowledge and confess that there is actually and justly due from me to the Plaintiff the sum of $100,000.00 as of August 18, 2011 plus further interest thereafter at the legal rate until the date of entry of judgment.

       2.      This confession of judgment is for a debt justly due to Steven J. Breitenfeldt, arising from the settlement of *Breitenfeldt v. Christenson (In re Christenson)*, Adv. Pro. No. 11-04018, in the United States Bankruptcy Court for the District of Minnesota, whereby Steven J. Breitenfeldt sought a declaration that a $339,394.14 obligation owing to him by me was not dischargeable in bankruptcy.  Pursuant to the Settlement Agreement, the adversary proceeding was dismissed in exchange for my agreement to make certain payments to Steven J. Breitenfeldt, and my signature and verification on this confession of judgment in the amount of $100,000.

       3.      The foregoing indebtedness is justly due or to become due to Plaintiff.

       4.      I have entered into a Settlement Agreement with Plaintiff, which, among other things, induced Plaintiff to forebear from proceeding to judgment and then pursuing post-judgment

remedies against me.   A copy of the Settlement Agreement is attached as Exhibit A.

5.     Plaintiff agrees to refrain from filing this Confession of Judgment with the above-entitled Court, or any other Court of competent jurisdiction, until such time as I default under the terms of the Agreement.

6.     Upon the occurrence of any such default as defined in the Agreement, and pursuant to the conditions contained in the Agreement, I hereby authorize Plaintiff to file the Confession of Judgment with the District Court Administrator and agree and authorize the Court to enter judgment against me for the amount of the remaining debt.   I agree to the entry of judgment upon the Plaintiff's filing with the Court this Confession of Judgment together with an affidavit attesting to (a) the fact of the default, and (b) the amount due upon the indebtedness.

7.     I agree that I shall pay all reasonable costs of collection, including attorneys' fees, incurred by Plaintiff in the event judgment is entered pursuant to the terms of this Confession of Judgment.

STATE OF MINNESOTA

COUNTY OF _Dakota_

Todd Christenson, being duly sworn, on oath says that he has read the foregoing statement and knows the contents thereof; that said statement is true of his own knowledge, except as to matters therein stated on information and belief, and that as to those matters he believes it to be true.

_____
Todd Christenson

Subscribed and sworn to before me
this 5th day of ~~September~~, 2011.
            October

_____
Notary Public

Rachel Jane Knaak
NOTARY PUBLIC
State of Minnesota
My Commission Expires 1-31-2015

s:\breitenfeldt\pleadings\settlement agmt - confession of judgment.doc\jml

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Todd Christenson and Mary Christenson        Bky. 10-48186 (RJK)

              Debtors.

---

Steven J. Breitenfeldt,

              Plaintiff,

v.                                    Adv. No. 11-04018

Todd Christenson,

              Defendant.

---

## SETTLEMENT AGREEMENT

---

This agreement is entered into between Steven J. Breitenfeldt ("Breitenfeldt" or "Plaintiff"), and Todd Christenson, ("Christenson" or "Defendant"). (Defendant and Plaintiff may collectively hereinafter be referred to as the "Parties" and this agreement may hereinafter be referred to as "Agreement.").

### RECITALS

A.       The Defendant filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §101, *et seq.*) ("Bankruptcy Code") on November 1, 2010, thereby commencing the above-referenced bankruptcy case (the "Bankruptcy Case").

B.       The Plaintiff filed a complaint on January 24, 2011 commencing the above-referenced adversary proceeding and seeking a determination of the dischargeability of the debt owed by Defendant to Plaintiff.

C.       The Parties wish to resolve the adversary proceeding pursuant to the terms hereof.

## AGREEMENT

NOW THEREFORE, based on the recitals set forth above, and in consideration of the terms, conditions and covenants in this Agreement, the Parties hereby agree and stipulate as set forth below.

1.  **Recitals.**    The Recitals set forth in this Stipulation are adopted by the parties as true and correct statements of the fact.

2.  **Payments.**  Defendant shall pay to Plaintiff the sum of $60,000 as follows:

    (a)    $10,000 on or before December 31, 2012;

    (b)    Annually, on or before the anniversary of the initial payment, five (5) additional payments of $10,000 each.

Such payments shall be by cashier's check, or other immediately available funds, payable to "Steven J. Breitenfeldt" at the address set forth in this Agreement, or such other address as Plaintiff directs Defendant to make such payment.  The amounts due hereunder may be prepaid by Defendant at any time

3.  **Consideration.**  The parties each acknowledge that good and sufficient consideration exists to support this Agreement, including, but not limited, to the following:

    a.    Plaintiff has filed an action contesting the dischargeability of the Defendant's obligations to Plaintiff, and the execution of this Agreement constitutes forbearance on the part of the Plaintiff from continuing its claims with respect to the discharge.

    b.    This Agreement permits the Defendant to avoid the cost of continuing defense of the dischargeability action and affords the Defendant an opportunity to pay the compromised amount in a manner feasible for the Defendant.

c.    This Agreement represents settlement of a dispute between the Plaintiff and the Defendant.

4.    **Continuing Obligation.**  Pursuant to this Agreement, the Defendant acknowledges and agrees that:

(a)    Defendant promises to pay the amounts set forth in paragraph 2 and that promise to pay such amounts is an obligation which continues notwithstanding Defendant's Chapter 7 bankruptcy and which is not subject to or discharged by the discharge granted to Defendant under 11 U.S.C. § 727; nothing in this Agreement affects Plaintiff's right to claim that the payments under the Settlement Agreement and the Confession of Judgment constitutes a debt that is not dischargeable in any future bankruptcy case filed by the Defendant.

(b)    Defendant joins the Plaintiff in asking the Bankruptcy Court to enter an order approving this agreement.

5.    **Confession of Judgment.**  Contemporaneous with the execution of this Agreement, Defendant agrees to execute and deliver to the Plaintiff, in a form satisfactory to Plaintiff, and substantially similar to the specimen attached hereto, a Confession of Judgment in the principal amount of $100,000.00.   Plaintiff shall forbear from entering, docketing and enforcing the Confession of Judgment, for so long as the Defendant fulfills his obligations hereunder.

6.    **Default.**  If an Event of Default, as defined hereunder, occurs, the Plaintiff may declare this Agreement in default.

a.    *Event of Default.*    It shall be an Event of Default hereunder if Defendant

fails to pay, in good funds, the amount required pursuant to the terms in paragraph 2 of this Agreement or to cure such default within the terms provided below.

b.     *Notice of Default.*   Plaintiff shall provide notice of default by U.S. Mail, First Class to the Defendant at the last known address for Defendant, written notice of which is provided by Defendant to Plaintiff. The written notice of default shall state that the Defendant has ten (10) days from the date of the mailing of such notice to cure the default. The notice shall further specify the date of mailing.

c.     *Cure of Default.*   If the Defendant cures the default within ten (10) days of the mailing of such notice, the Plaintiff's agreement to forbear from entering the Confession of Judgment shall remain in full force and effect.

d.     *No Cure of Default.*   If the Defendant fails to cure the default by the specified deadline, the Plaintiff may, without any further notice to the Defendant, proceed to enforce the remedies granted to it under the terms hereof.

e.     *Entry of Confession of Judgment.*   If the Defendant fails to cure the default, then the Plaintiff may, without any further prior notice to the Defendant, cause the entry of the Confession of Judgment.  To the extent that the Defendant has made any payments to Plaintiff prior to the occurrence of the default and entry of the Confession of Judgment, the balance of the judgment shall be reduced by the amount paid.  After entry of judgment, Plaintiff may proceed to enforce the judgment thereby obtained, and collect the entire unpaid balance of the judgment, together with statutory interest thereon, and any fees and costs awarded as provided for herein.

f.     *Accrual of Cause of Action.*   The parties agree that the cause of action under the Confession of Judgment shall accrue upon the mailing of a notice of default. If

an Event of Default occurs, it is within Plaintiff's sole discretion whether to declare an Event of Default and mail written notice of same.

7.    **Governing law.**  This Agreement will be construed according to the laws of the State of Minnesota.

8.    **Advice of counsel.**  Each of the parties to this Agreement have obtained such counsel as each deems appropriate before entering into this Agreement, and each has independently determined to enter into this Agreement.  Both parties acknowledge that they have entered into this Agreement of their own free will and are under no coercion or duress.  This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.

9.    **Entire Agreement.**  There are no oral side agreements between the Defendant and the Plaintiff relative to the terms hereof; this Agreement represent the entire agreement between the parties relative to the subject matter hereof which cannot be modified except in writing.

10.    **Severability.**  Any provision of this Agreement which is prohibited or unenforceable will be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining portions of this Agreement.

11.    **Headings.**  The bold-faced headings at the beginning of each paragraph are for convenience only and are not intended to be part of the substance of this Agreement; any perceived inconsistencies between the heading and the text are to be governed exclusively by the text.

12.    **Counterparts, facsimiles, etc.**  This Agreement may be executed in any number of counterparts, each of which will be deemed an original, all of which when taken together will

constitute the same and whole instrument. Facsimile signatures or other electronic signatures are binding as if originally executed.

13.   **Notices.**  Notices hereunder shall be sent as follows:

To Plaintiff:   Steven J. Breitenfeldt
226 Rice Creek Boulevard
Fridley, MN 55432

To Defendant: Todd Christenson
7800 Pearson Way
Fridley, MN 55432

14.   **Dismissal.**  By signing this Settlement Agreement, and subject to court approval, the parties stipulate to dismissal of the adversary proceeding.

IN WITNESS WHEREOF, the Parties, through their counsel, have executed this Agreement.

Dated: 8/18/2011

Todd Christenson, pro se

RICKE & SWEENEY, P.A.

By:

Dated: 8/18/2011

Larry B. Ricke, (#121800)
325 Cedar Street, Suite 600
St. Paul, MN 55101
Telephone: (651) 292-3358
Facsimile: (651) 223-8003

Attorneys for Plaintiff Steven J. Breitenfeldt

s:\breitenfeldt\pleadings\settlement agreement.doc\jml

*Breitenfeldt Declaration*

# EXHIBIT 2



**WARNER LAW**
LLC

GEORGE E. WARNER, JR.
CREDITORS' RIGHTS SPECIALIST
CERTIFIED BY THE AMERICAN BOARD OF CERTIFICATION
GEORGE@WARNERLAWMN.COM

May 12, 2017

**VIA E-MAIL ONLY TO TFLYNN@LARKINHOFFMAN.COM**

Thomas J. Flynn, Esq.
Larkin, Hoffman, Daly & Lindgren, Ltd.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55437

*Re:    Steven J. Breitenfeldt v. Todd Christenson*
*Anoka County District Court file 02-CV-09-6519*

Dear Tom:

I hope all is well. Hopefully, we will have spoken by the time this letter reaches you as I just left you a voicemail message moments ago.

I was just retained by the Plaintiff in the above-captioned matter. Per my voicemail, I am writing to confirm that your May 5, 2017 application for discharge of judgment applies only to the original $310,198.4 judgment entered in File 6519 and not the later $100,000.00 judgment entered in File 679. I presume this is the case given Judge Kressel's September 19, 2011 order; but respectfully ask you to confirm. Copies of various case materials are attached.

Additionally, please advise if you represent the judgment-debtor generally, or regarding any matter other than the application for discharge. If so, I will serve post-judgment discovery on and communicate further with your office. Or, if that is the limit of your engagement, I proceed to contact the debtor directly. Given the ethics issues involved, please confirm in writing so I can proceed appropriately.

My thanks in advance for your prompt attention to this matter. Please call with any questions.

Sincerely yours,

**WARNER LAW, LLC**
*/s/ George E. Warner, Jr.*
Attorney at Law

GEW/kf
Enclosure as Stated

*Breitenfeldt Declaration*

# EXHIBIT 3

| | |
|---|---|
| **From:** | Todd Christenson |
| **To:** | George Warner |
| **Subject:** | Re: Breitenfeldt v. Christenson \| 02-CV-13-679 |
| **Date:** | Friday, July 28, 2017 9:46:10 AM |
| **Attachments:** | image001.png |
| | Mackinnon lots 75-78.pdf |

George,  I do not have counsel.  I am going to drop off bank statements today.  Attached you will see a drawing of my old golf course, lots 75, 76, 77 and 78 are on the 15th hole totaling 220 feet of frontage on the golf course.  One of my investors owns the property and is selling it for 50K, I might be able to cut a deal with him to deed it to Steve. Tell Steve to take a look if he is interested. The course is in beautiful condition with a new clubhouse and maintenance building.  All the cabins are complete and they are building the third townhouse building.  I think in 5 to 10 years it will be worth twice that.  I would buy it if I had any money.  Anyway, it is just a suggestion.

-----Original Message-----
From: George Warner <george@warnerlawmn.com>
To: Todd Christenson <todd2414c@aol.com>
Cc: Steve Breitenfeldt <sbreitenfeldt@yahoo.com>; Kristen Franklin <kristen@warnerlawmn.com>
Sent: Fri, Jul 28, 2017 9:23 am
Subject: Breitenfeldt v. Christenson \| 02-CV-13-679

Todd:

First, as before, I am only communicating with you directly because you have indicated you do not have an attorney. If you have retained a lawyer in this matter, please advise immediately so I speak instead with your legal counsel.

Second, thanks for forwarding this information.  Based on these materials, and other developments, my client has instructed me to postpone Monday's deposition to a later, mutually-agreed date and time under the previously-served subpoena.  My apologies for the last-minute notice.

I will also call you at your phone number indicated below. But please reply to this e-mail to confirm receipt of this message and your understanding that you do not need to appear on Monday.

Thanks.

George E. Warner, Jr.
**Warner Law, LLC**
Attorney at Law | Creditors' Rights Specialist (American Board of Certification)
120 South Sixth Street | Suite 1515
Minneapolis, MN 55402-1817
952-922-7700 Voice (Ext. 164 after-hours)
george@warnerlawmn.com | www.warnerlawmn.com

Disclosure:  This communication is with a debt collector.  Any information obtained will be used for that purpose.

**From:** Todd Christenson [mailto:todd2414c@aol.com]
**Sent:** Thursday, July 27, 2017 10:09 AM
**To:** George Warner <george@warnerlawmn.com>
**Subject:** Breitenfeldt

George,  Attached are the tax returns you requested.  I am going to drop off the Diamond View Partners Bank statements and whatever I get at US Bank.  If you want to talk at that time I may have something Steve might want.  I am not going forward with the Lino Lakes project the city wants something I am not willing to do.  I was planning on running it thru Diamond View Partners but with that not happening I am going to shut down the bank account, there will be no more activity in that entity.  Any new project will have its own LLC and different partners.

Thanks,
Todd Christenson
763-268-9442

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Todd Christenson and Mary Christenson,                    Bky. No. 10−48186

Debtors.

---

Todd Christenson,                                        Adv. No.: 24-04033

Plaintiff,

v.

Steven J. Breitenfeldt,

Defendant.

---

### ORDER

---

This matter came on for hearing before the undersigned on Plaintiff and Defendant's cross-motions for summary judgment. Based on the record, the evidence adduced at the hearing, the arguments of counsel, and the Court being fully advised on the subject,

**IT IS ORDERED:**

1. For the reasons stated on the record, Defendant's motion for summary judgment is granted. Plaintiff's adversary complaint fails as a matter of law and is hereby dismissed with prejudice.

Dated:_____

_____
Kesha L. Tanabe
United States Bankruptcy Judge

1