**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 10-48186 |
| Todd Christenson and Mary Christenson, | |
| Debtors. | Chapter 7 |

| | |
|---|---|
| Todd Christenson, | Adv. No. 24-04033 |
| Plaintiff, | |
| v. | |
| Steven J. Breitenfeldt, | |
| Defendant. | |

**DECISION RE: PLAINTIFF TODD CHRISTENSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT STEVEN J. BREITENFELDT'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff-Debtor Todd Christenson's motion for partial summary judgment and Defendant-Creditor Steven J. Breitenfeldt's cross-motion for partial summary judgment. Summary Judgment motions are governed by Federal Rule of Civil Procedure 56 and made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056.

This is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2). The following decision is based on all the information available to the Court and constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

1

For the reasons stated herein, the Plaintiff-Debtor's motion for partial summary judgment is **GRANTED** and Defendant-Creditor's motion for partial summary judgment is **DENIED.**

## BACKGROUND

On March 15, 2024, Christenson filed a motion to reopen his chapter 7 bankruptcy case – No. 10-48186. He proceeded to file an adversary complaint against Breitenfeldt, alleging that he violated 11 U.S.C. § 105(a) after Christenson received a notice of Sheriff's Sale on his property due to a lien attached by Breitenfeldt as collateral for a pre-petition unsecured debt. The adversary proceeding seeks to 1) quiet title; 2) enforce the discharge injunction; and 3) find creditor in contempt of the discharge injunction.[1]

A Sheriff's sale on the property was scheduled for April 3, 2024. On March 19, 2024, Christenson filed an expedited motion for preliminary injunction to stop the Sheriff's sale. On March 28, 2024, the Bankruptcy Court, Hon. Kesha Tanabe, granted the hearing on an expedited basis but ultimately denied the motion for preliminary injunction.

Breitenfeldt filed a cross-motion against Christenson alleging they entered into a settlement agreement before the adversary case was dismissed, and this agreement was a post-petition contract. He also alleged that Christenson slandered the title by filing a Lis Pendens. Both parties moved for partial summary judgment on their substantive claims, reserving any damages claims for determination after the summary judgment motions are decided. Judge Tanabe held a hearing on August 22, 2024, regarding the motions and cross-motions for summary judgment. Both parties provided arguments on the record. Judge Tanabe took the motions under advisement.

---

[1] 11 U.S.C. § 524(a)(2).

This case was transferred to the undersigned on November 1, 2024;[2] the Court held a status conference on December 12, 2024. At the status conference, both parties agreed that no further argument or briefing was needed for resolution of the cross-motions for partial summary judgment. The Court took the matter under advisement, and it is now ready for decision.

### SUMMARY JUDGMENT STANDARD

Summary judgment is governed by Federal Rule of Civil Procedure 56, which is made applicable to this motion by Federal Rule of Bankruptcy Procedure 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a). The moving party must advise the court of all evidence which it believes demonstrates the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Then, the burden shifts to the non-moving party, who must establish that there are specific and genuine issues of material fact warranting a trial. Celotex, 477 U.S. at 324. The non-moving party must present specific, significant, and probative evidence supporting its case. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

"Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [non-moving party] and giving [the non-moving party] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the moving party] is entitled to judgment as a matter of law." Price v. Northern States Power Co., 664 F.3d 1186, 1191 (8th Cir. 2011). The "salutary purpose" served by summary judgment is to permit the speedy and expeditious disposal

---

[2] On November 1, 2024, the undersigned filed a certification pursuant to FRBP 9028, which makes FRCP 63 applicable to this proceeding. See Adv. No. 24-04033, Doc. 29.

of cases where the pleadings do not—as a matter of fact—present any substantial question for determination. Avrick v. Rockmont Envelope Co., 155 F.2d 568, 571 (10th Cir. 1946). Summary judgment is not appropriate where conflicting inferences as to a material fact may reasonably be drawn. Wermager v. Cormorant Tp. Bd., 716 F.2d 1211 (8th Cir. 1983).

Here, there are no genuine issues of material fact, and as described below, Christenson is entitled to judgment as a matter of law. Therefore, Christenson's partial-motion for summary judgment is granted and Breitenfeldt's cross-motion for summary judgment is denied.

## ANALYSIS

The undisputed facts are as follows. Christenson filed his chapter 7 bankruptcy case 10-48186 on November 1, 2010. The debt at issue arose prior to Christenson's filing of the chapter 7 case, and Christenson listed it as an unsecured non-priority claim for $310,199.00 in his original petition. The debt stemmed from a business loan made by Breitenfeldt to a business owned by Christenson that Christenson personally guaranteed. Breitenfeldt initiated an adversary proceeding against Christenson captioned Breitenfeldt v. Christenson (In re Christenson), Adv. No. 11-04018, in the Bankruptcy Court. In the original adversary proceeding, Breitenfeldt sought a determination that the debt owed to him by Christenson was nondischargeable under 11 U.S.C. § 523(a)(2), (4), and (6).

The adversary case did not proceed to trial. Breitenfeldt, represented by counsel, and Christenson, pro se, completed and signed an extra-judicial settlement agreement on August 18, 2011. Christenson signed a confession of judgment to be entered in state court in case he defaulted on the extra-judicial agreement. Although the signed agreement between the parties stated: "Defendant joins the Plaintiff in asking the Bankruptcy Court to enter an order approving this

4

agreement", the parties never submitted this agreement to the Bankruptcy Court for approval or review.

The Bankruptcy Court[3] dismissed the adversary proceeding without prejudice on September 14, 2011. The order stated:

> IT IS ORDERED: That this adversary proceeding is hereby dismissed without prejudice and without costs to any party. The Court hereby retains complete jurisdiction to vacate this order and to reopen the proceeding upon cause shown that further litigation is necessary, that a settlement has not been completed or *that the parties wish to submit and file a stipulation or stipulated form of final judgment to complete a settlement*.

Adv. No. 11-04018, Doc. 23 (emphasis added). On February 3, 2011, the Court entered an order discharging Christenson's debts under 11 U.S.C. § 727; the bankruptcy case was closed in the normal course on October 25, 2011. The parties never filed their settlement agreement with the Court, nor were there any findings made on the record regarding the nondischargeability of Christenson's pre-petition debt owed to Breitenfeldt.

After Christenson received his discharge, Breitenfeldt engaged in the following activities: On January 29, 2013, Breitenfeldt filed a Confession of Judgment in Anoka County District Court based on the parties' post-petition agreement. (Case file number 02-CV-13-679). Ten years later, on January 13, 2023, Breitenfeldt filed an action to renew the Confession of Judgment. (Case file number 02-CV-23-235). The Anoka County District Court entered judgment for Breitenfeldt on

---

[3] The Hon. Robert J. Kressel (ret'd).

5

March 30, 2023. By virtue of Minnesota state law, this judgment attached to Christenson's homestead. On September 19, 2024, the Crow Wing County Sheriff issued a Notice of Sheriff's Execution Sale scheduled for April 3, 2024. Christenson then filed the present adversary case and an expedited motion to stay the sheriff's sale. After the initial hearing in front of Judge Tanabe in which she denied the stay request, Christenson filed a Notice of Lis Pendens with the Crow Wing County Recorder on April 2, 2024. The Sheriff conducted the execution sale of the property on April 3, 2024. Although the parties agree with the factual background, they disagree as to the legal effect of those actions.

The cross-motions for partial summary judgment hinge on whether Christenson's debt owed to Breitenfeldt was discharged in the main bankruptcy case. Debtors are permitted, under the Bankruptcy Code, to voluntarily repay any debt. 11 U.S.C.§ 524(f).[4] In order for a payment to be voluntary, the "payments must be free from creditor influence or inducement, regardless of the debtor's motivations." Venture Bank v. Lapides, 516 B.R. 565, 570 (D. Minn. 2014). Under the Bankruptcy Code there are two ways for an otherwise dischargeable debt to be deemed nondischargeable, thereby permitting a creditor to engage in collection activities. One way is to enter into a post-petition reaffirmation agreement under 11 U.S.C. § 524(c). The other is for the Court "after notice and a hearing" to determine that a debt described in § 523(a)(2), (4), or (6), is nondischargeable under 11 U.S.C. § 523(c). See 11 U.S.C. § 523(c). Both parties agree that they did not enter into a reaffirmation agreement, therefore the Court must determine whether the Bankruptcy Court, in the original filing, found the debt to be nondischargeable per 11 U.S.C. § 523(c).

---

[4] "Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt." 11 U.S.C.§ 524(f).

Under 11 U.S.C § 727(b), a chapter 7 debtor is discharged from all debts that arose prior to the date of filing of the bankruptcy petition, except for those that are excepted from discharge. 11 U.S.C. § 523(a) lays out the kind of debts that are excepted from discharge. Fifteen of these eighteen exceptions are self-effectuating. "That is, most of the debts are excepted from discharge by operation of § 523(a) and simply survive the discharge." In re Nordin, 299 B.R. 915 (B.A.P. 8th Cir. 2003). These categories of "debts are excepted from discharge simply because of the nature of the debts." In re Everly 346 B.R. 791, 795 (8th Cir. B.A.P. 2006). However, a creditor who wants a debt deemed nondischargeable under § 523(a)(2), (4), or (6) must file a complaint and have the court determine the dischargeability of the debt. See 11 U.S.C. § 523(a)(3)(B) and (c)(1).

11 U.S.C. § 523(c)(1) states:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), as the case may be, of subsection (a) of this section.

Christensen alleges that because the court did not declare the debt nondischargeable, it was discharged. Breitenfeldt alleges that because the parties entered into a binding contract in their post-petition settlement agreement the court did not need to find the debt nondischargeable. Although there are no reported cases in the 8th Circuit that are directly on point; there is a case from the bankruptcy court in New Jersey, In re Raymond G. Craytor, 650 B.R. 470 (Bankr. D. N.J., 2023) that has a nearly identical fact pattern and is informative here.

In In re Craytor the creditor filed an adversary proceeding in which it claimed the debt owed to it was nondischargeable under Section 523(a)(2), (4), or (6). In re Craytor, 650 B.R. at

7

475. The debtor received a discharge; about nine months later the parties agreed to settle the adversary proceeding. Id. at 475–76. The parties notified the court of the settlement, and the bankruptcy court dismissed the adversary proceeding with prejudice without determining that any of the debtor's pre-petition debt to the creditor was nondischargeable. Id. at 476–77. Later, the creditor filed a state court action seeking to enforce the settlement agreement. Id. at 478. The debtor brought a motion to reopen his bankruptcy case and, with it, filed a motion for contempt for violation of the discharge injunction, arguing that because the court never approved the parties' settlement, the debt at issue in the settlement was discharged. Id. The court granted the debtor's motion, holding that the debt which the creditor sought to enforce under the settlement agreement was discharged because the court failed to make a determination of nondischargeability as required by Section 523(c). Id. at 479-80. The bankruptcy judge concluded that his "hands [were] tied by the Bankruptcy Code to not conclude other than that the [debt] was discharged." Id. at 481. Accordingly, the court found that the creditor violated the discharge injunction by attempting to enforce the settlement in state court. It then set a hearing date to determine damages. Id. at 483–85.

Here, as in Craytor, Breitenfeldt commenced an adversary proceeding seeking a determination that pre-petition unsecured non-priority debt was nondischargeable under Section 523(a)(2), (4), or (6). The Court granted Christenson a discharge, and the parties later settled the adversary proceeding via an extra-judicial agreement. Breitenfeldt did not obtain a Court determination of nondischargeability of this debt; instead, the parties merely notified the Court that they had a settlement and requested that the adversary proceeding be dismissed. Despite the settlement agreement stating, "Defendant joins the Plaintiff in asking the Bankruptcy Court to enter an order approving this agreement", the parties did not submit the proposed settlement to

8

Judge Kressel for approval. As in Craytor, even "the settlement itself recognized that a further step was required to prevent discharge of the debtor's personal liability." In re Craytor, 650 B.R. at 480. Here, neither party sought the Court's approval of their settlement.

Judge Kressel dismissed the original adversary without prejudice. He articulated that the parties could reopen the case "upon cause shown that further litigation is necessary, that a settlement has not been completed or *that the parties wish to submit and file a stipulation or stipulated form of final judgment to complete a settlement*." Adv. No. 11-04018, Doc 23 (emphasis added). The agreement between the parties was never presented to the Court, and the Court never made any determination regarding the dischargeability of the debt.

The plain language of the Bankruptcy Code is clear that for a debt to be deemed nondischargeable under paragraphs (2), (4), or (6), *the court* must determine that the debt is nondischargeable. 11 U.S.C. § 523(c)(1) (emphasis added). Here, Judge Kressel never approved the nondischargeability of the debt, therefore, it was discharged in debtor's bankruptcy. A creditor cannot usurp the Bankruptcy Code by simply crafting a post-petition extra-judicial agreement without approval of the Bankruptcy Court.

Next, this court must determine if the actions of Breitenfeldt violated the discharge agreement. A discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Attempting to collect on an unenforceable agreement that purports to allow the creditor to enforce a portion of the pre-petition debt violates the discharge injunction. See In re King, 744 F.3d 565, 570 (8th Cir. 2014) (holding that a creditor's efforts to collect a pre-petition debt that was the subject of an unenforceable reaffirmation agreement between a chapter 7 debtor

9

and creditor violated the discharge injunction); Venture Bank v. Lapides, 800 F.3d 442, 448 (8th Cir. 2015) (affirming bankruptcy court's holding that a creditor who attempted to enforce a reaffirmation agreement that did not comply with Section 524(c) violated the discharge injunction).

Here, there is no dispute that Breitenfeldt engaged in the following post-discharge actions to collect the debt: Breitenfeldt filed a Confession of Judgment in Anoka County District Court based on the parties' post-petition agreement. Ten years later, on January 13, 2023, Breitenfeldt, under Minnesota law, renewed the Confession of Judgment. The Anoka County District Court entered judgment for Breitenfeldt on March 30, 2023. This judgment attached to Christenson's homestead. On September 19, 2024, the Crow Wing County Sheriff issued a Notice of Sheriff's Execution Sale and then conducted the Sheriff's sale.

Because no issue of fact exists, and because Breitenfeldt's actions constitute collection efforts of a pre-petition dischargeable debt, he has violated the bankruptcy injunction, and Christenson is entitled to Summary Judgment on his motion. Because Christenson's motion for summary judgment is granted, Breitenfeldt's cross-motion is denied.[5]

---

[5] Breitenfeldt's slander of title claim is denied. He claimed that Christenson's filing of the Lis Pendens "resulted in false statements being published to others." Minnesota Statutes Section 557.02 authorizes any party to an action "in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question," to file a notice of Lis Pendens in each county in which any part of the affected real property is situated. In order to prove a slander of title claim, Breitenfeldt must prove: "(1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages." Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citations omitted). A party can only be liable for slander of title by filing a notice of Lis Pendens if he did not have the right to file the notice and filed it maliciously. See Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). There is nothing in the record to indicate that Christenson was malicious in filing the Lis Pendens. He had a right under Minnesota law to file the Lis Pendens. He was merely putting "the world on

The Court will schedule and conduct a separate evidentiary hearing to resolve the issues regarding sanctions and contempt surrounding this violation of the discharge injunction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated  January 27, 2025                                              */e/ Michael E. Ridgway*

                                                                     Michael E. Ridgway
                                                                     United States Bankruptcy Judge

---

notice" that he was questioning the legitimacy of the Sheriff's sale. Therefore, Christenson is entitled to judgment as a matter of law on this claim.