UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

Case No. 10-48186-mer

Adv. Case No. 24-04033-mer

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:


TODD CHRISTENSON AND MARY CHRISTENSON,


        Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TODD CHRISTENSON,

                Plaintiff,

        v.

STEVEN J. BREITENFELDT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                United States Bankruptcy Court

                One Bowling Green

                New York, NY   10004


                August 22, 2024

                9:45 AM

B E F O R E :

HON. KESHA L. TANABE

U.S. BANKRUPTCY JUDGE


ECRO:   UNKNOWN

HEARING re Motion for Summary Judgment filed by Todd Christenson. Memorandum of Facts and Law, Verification of Motion or Exhibits, Proposed Order, Proof of Service.

HEARING re Motion for Summary Judgment filed by Steven J. Breitenfeldt, Steven J. Breitenfeldt. Memorandum of Facts and Law, Verification of Motion or Exhibits, Proposed Order.

Transcribed by:  Sonya Ledanski Hyde

A P P E A R A N C E S :


LARKIN HOFFMAN

Attorney for Todd Christenson

8300 Norman Center Drive, Suite 1000

Minneapolis, MN 55437


BY:   SILAS J. PETERSON

GREGORY S. OTSUKA


GOERLITZ LAW PLLC

Attorney for Steven J. Breitenfeldt

7595 Currell Blvd.

P.O. Box 25194

St. Paul, MN 55125


BY:   JARED M. GOERLITZ

P R O C E E D I N G S

THE COURT: Welcome everyone. It's nice to see everyone in person for once. So this is the time set for hearing in the adversary proceeding number 23-4033. The case of Todd Christenson and the defendant Breitenfeldt, Steven Breitenfeldt.

So I'll take appearances starting with counsel to the plaintiff, please.

MR. OTSUKA: Good morning, Your Honor. Would you like me to approach?

THE COURT: You could just speak into your microphone. That would be fine.

MR. OTSUKA: Good morning, Your Honor. Greg Otsuka for the plaintiff Todd Christenson. With me in the courtroom is my colleague Silas Petersen.

THE COURT: Welcome to you both.

MR. OTSUKA: Thank you.

MR. GOERLITZ: Good morning, Your Honor. Jared Goerlitz on behalf of the defendant, and Mr. Breitenfeldt is with me.

THE COURT: Welcome. Okay, so before the Court are the cross motions for summary judgement. One filed by the plaintiff at docket number 19. The other filed by the defendant at docket 23.

So I was debating who should go first. We could

do this, I think maybe the plaintiff should go first on the theory that their motion was filed first. Unless you've stipulated to something different here today.

MR. GOERLITZ: No, Your Honor. That's fine.

THE COURT: Okay. So when you argue, I will ask you to come forward.

MR. OTSUKA: Good morning again, Your Honor. For the record, Greg Otsuka for the plaintiff Todd Christenson. Your Honor, the foundational issue that's presented today is this, was Mr. Christenson's pre-petitioned deb to Mr. Breitenfeldt discharged?

If it was discharged, then the subsequent judgement that was entered on account of a portion of that debt is void ab initio. Breitenfeldt's judgement lean on account of the void judgement, likewise, is void.

And Breitenfeldt has no interest in Mr. Christenson's real property. And thus, he had no right to force this sheriff's sale.

Additionally, if that debt was discharged, every action taken by Mr. Breitenfeldt to collect on that discharged debt violates the discharge injunction.

The only thing that has happened that Mr. Breitenfeldt claims caused that debt to not be discharged is the signing of a settlement agreement between Mr. Breitenfeldt and Mr. Christenson.

So the question presented to the Court by these cross motions is this. Can a post-petition agreement between a debtor and a creditor with no approval, oversight, or involvement by the bankruptcy court, bind a debtor to pay -- to pay pre-petition dischargeable debt? The answer is no.

Based on the clear language of the bankruptcy code, and supported by the many decisions that we cite in our briefs. Tellingly, Mr. Breitenfeldt has not cited a single case, and we haven't found one either where a court enforced such an agreement under similar circumstances.

Accordingly, summary judgement should be entered for Mr. Christenson on his claims, and on Mr. Breitenfeldt's counter claims.

The relevant facts here are undisputed. I won't belabor them, but I do want to remind the Court of some of the salient facts.

Mr. Christenson filed for bankruptcy protection under Chapter 7. He received a discharge. Mr. Breitenfeldt was an unsecured creditor. Mr. Breitenfeldt initiated an adversary proceeding seeking a determination that his debt was non-dischargeable under sections 5-23A, 2, 4, and 6.

The parties decided to settle the adversary and entered into a settlement agreement. Among other things, the settlement agreement provided that Mr. Christenson would

pay Mr. Breitenfeldt a portion of the pre-petitioned debt, $60,000 to be exact.

They also agreed in the settlement agreement that Mr. Breitenfeldt would ask the bankruptcy court to approve the settlement. Neither party ever saw it or obtained bankruptcy court approval of the settlement.

The bankruptcy court never made any kind of determination regarding the non-dischargeability of the pre-petitioned debt owed to Mr. Breitenfeldt.

Instead, the bankruptcy court Judge Kressel at the time, simply did what the parties asked. He dismissed the adversary proceeding.

Subsequently, Mr. Christenson started to make payments to Mr. Breitenfeldt. But missed payments and eventually Mr. Breitenfeldt filed a confession of judgement that Mr. Christenson had executed as part of the settlement.

The state court entered judgement against Mr. Christenson in 2013. In 2023, Mr. Breitenfeldt renewed the judgement and docketed it in Anoka County. He then transcribed the judgement in Crow Wing County, and placed a lean on Christenson's real property in that county.

And then he initiated a sheriff's sale which eventually occurred on April 3, 2024. At which Mr. Breitenfeldt purchased Mr. Christenson's real property.

Mr. Christenson initiated this adversary

proceeding seeking a quiet title to enforce the discharge injunction and to hold Mr. Breitenfeldt in civil contempt for his violation of the discharge injunction.

So I want to focus on that question that I -- I raised in the beginning. Was Mr. Breitenfeldt's debt discharged? There's no dispute that the debt was discharged unless it was somehow accepted from the discharge.

This is a -- the classic type of debt, pre-petitioned debt, that is subject to the discharge. There are two ways that this debt -- that otherwise would be dischargeable is not discharged.

Let's look at the discharge order which we had hatched, to my declaration, as Exhibit B. The standard -- it's a standard Chapter 7 discharge order. It says, "Most but not all types of debts are discharged if the debt existed on the date the bankruptcy case was filed."

And it says, "Debts that are not discharged." And it lists, "Some common types of debt which are not discharged in a Chapter 7 bankruptcy case." And two items under that heading are of note here.

Item H, "Debts that the bankruptcy court specifically has decided, or will decide in this bankruptcy case are not discharged."

Number two, under subsection I, "Debts for which the debtor has given up the discharge protections by signing

a reaffirmation agreement in compliance with the bankruptcy code requirements for reaffirmation of debts."

So those are the two ways that this debt cannot be discharged. One way as the -- as the discharge order mentioned, if the bankruptcy court specifically decides that the debt is not discharged.

Now I assume this is a paraphrase of section 523-C1 of the bankruptcy code. 523-C1 says that even debts specified in sections 523-A2, A4, and A6, even those debts are discharged. Unless on request of the creditor, after notice in a hearing, the bankruptcy court quote, "Determines such debt to be accepted from discharge." Close quote. Under any of those subparagraphs.

So in other words, A2, A4, and A6, describe debts that may be non-dischargeable, but they're not self-effectuating. A creditor has to come in, make the request to the court, has to be an opportunity for a notice of a hearing. There has to be notice and an opportunity for a hearing. And the bankruptcy court specifically has to determine that debts under those subsections are accepted from discharge.

In this case, did the bankruptcy court determine that Breitenfeldt's debt is accepted from discharge? I think even Mr. Breitenfeldt concedes that the bankruptcy court did not make such a determination.

In fact, the only thing the bankruptcy court did was dismiss the adversary proceeding. Under the plain language of section 523-C, that conclusively means that Breitenfeldt's -- Mr. Breitenfeldt's debt was not accepted from discharge under section 523-C.

We cite many cases where courts have held that this section of the code requires a determination by the bankruptcy court. Different courts may have a different view on what determination means. And I'm not here to suggest what that means.

What I do know is that there was no -- any kind of determinate. Anything that happened in this case, in this adversary proceeding, could be considered a determination by the bankruptcy court.

Now because the plain language of the code makes clear that Mr. Breitenfeldt didn't have his debt accepted from discharge by 523-C, he comes up with a bunch of creative arguments. But none of them help his cause and suggest that the Court can or should ignore the language of section 523-C.

For instance, he spends a lot of time in his briefing trying to convince the Court that a settlement agreement can be a valid contract. We don't dispute that, but that misses the point.

The point is that the parties here -- the court --

the bankruptcy court did not determine that the debt was non-dischargeable. Whether or not there was a separate settlement agreement that was never presented to the Court.

Another argument he comes up with, he states, and this is in his opening brief, page 5. He states, without any support, that non-dischargeability adversary proceedings are quote, "Routinely settled." Close quote. Without a bankruptcy court's determination of non-dischargeability.

Now that may be true, and I don't have any reason to doubt that. But that doesn't mean that that settlement isn't -- is enforceable.

In fact, Mr. Breitenfeldt, he cites no case and we have not found a single case anywhere in the country, not just in this district, where a court enforced a settlement agreement under which a debtor agreed to pay dischargeable debt without some sort of court determination of non-dischargeability.

Another argument he makes in his reply brief, he says essentially, that 523-C1, what I said about a notice of a hearing and court determination doesn't really mean what it says.

He says, "Notice in a hearing does not necessarily mean that the Court must actually hold a hearing." We don't dispute that. We cite the Martinelli case which says, "Notice in a hearing does not actually require the Court to

hold an evidentiary hearing."

And in fact, the bankruptcy code in section 102, subsection 1A, and B, defines what it means. What notice in a hearing actually means. But it doesn't actually require an evidentiary hearing. But that's not what our argument is based on. We're not saying there is no evidentiary hearing, therefore the Court may -- didn't make a determination.

Notably, in Martinelli however, there was a stipulated judgement that the Court entered. And -- and the Court said that was the court determination. We don't have anything like that in this case.

When instead in his reply, Mr. Breitenfeldt asserts is that the requirement that quote, "The Court determines," close quote, that the debt is accepted from discharge. It -- that can be satisfied if the parties themselves make the determination on their own.

That yes, it says the Court determines, but it -- the parties on their own with no involvement of the Court can determine that on their own because it's in litigation.

There's no authority for that, and none exists. Can you imagine if we can just read into any section of the code where it says the Court must do something. We can say well, the Court doesn't need to do that, the parties can do that on their own. There's no (indiscernible).

The second way, the debt could be accepted from

discharge under 523-C. It also could be reaffirmed under 524-C. That was the other possibility that's mentioned in the discharge order.

If the debtor and the creditor want to agree of course that a debt is not discharged, then they have to follow the requirements of 524-C for reaffirmation agreements.

The bankruptcy court for the southern district of New York in the Bagbag case that we cited in our briefing, noted that 524-C is quote, "Excusive." close quote. Meaning it is the only means by which an otherwise dischargeable debt may be reaffirmed.

So what does 524-C say? It says if one, there's an agreement. Two, between the debtor and creditor. Three, the consideration for which in whole or in part is based on debt that is non -- that is dischargeable, then the agreement is enforceable only if it follows the requirements listed in section 524-C.

Clearly the settlement agreement is an agreement between the debtor and a creditor. The consideration for which is at least in part based on debt that is dischargeable.

Thus, in order for this agreement to be enforceable, it has to be a valid reaffirmation agreement. And that means it must meet the requirements for section

524-C.

It's undisputed that the settlement agreement does not meet those requirements. The parties did not present it as a reaffirmation agreement. And I would note also, Mr. Christenson was not represented by an attorney during the negotiation of the settlement agreement.

So if it were a reaffirmation agreement, under section 524-C6A, the Court would have to approve the agreement as not imposing an undue hardship on the debtor and in his best interest.

Of course none of those things happen. But that's the only way that this debt could be enforced as a non-dischargeable debt.

Again faced with that clear language in the bankruptcy code, Mr. Breitenfeldt comes with -- tries to come up with ways around it.

For instance, he argues that the -- he tries to analogize the settlement agreement, the student loan consolidation. But as we point out in our response, student loans are fundamentally different than the debt here.

For one, student loans are not discharged unless the debtor can prove undue hardship. The debt here undoubtedly would be discharged. Two, in a student loan consolidation, the consolidate -- the consolidated loan is a new loan. It's new money put in that pays off the prior

loans.

Here the pre-petition was not -- the pre-petition debt was not paid off or extinguished. Mr. Breitenfeldt did not extend new money to Mr. Christenson. The only -- the agreement only said that Mr. Christenson would pay a portion of the existing old debt.

And third as we pointed out, student loans are treated differently by federal statutes and regulations so that -- those statutes actually say the consolidated loan is a new loan. Of course there's nothing like that for a debt like this. Another argument that Mr. Breitenfeldt makes in his reply.

He says well, but the dischargeable debt, that was not the only type of consideration in this settlement agreement. And he points to the settlement agreement and says see, there's other types of consideration. Not just the discharge debt.

But section 524-C says it applies whenever the consideration is quote, "In whole or in part." close quote, dischargeable debt. So it doesn't matter if there is other consideration involved in the agreement. It only matters that some of the consideration was dischargeable debt.

On page three of his reply, Mr. Breitenfeldt admits that at least a portion of the consideration for potentially dischargeable debt. That should be the end of

the story. 524-C would be the only way that this debt would not be discharged.

In his reply, Mr. Breitenfeldt relies on a case, the Sailor case that we cited in our briefing. And he -- he says Sailor stands for the proposition that, quote, "The fact the settlement occurred to resolve an adversary proceeding makes the settlement valid and enforceable." close quote. But that is not at all what Sailor held.

Sailor held, this is quoting from the case, "A debtor may validly settle bankruptcy non-dischargeability litigation without following the reaffirmation previsions of section 524-C. And such a settlement will be enforceable if approved by the bankruptcy court." close quote. Again not to belabor the point, this settlement was not approved by the bankruptcy court.

The last argument that was in Mr. Breitenfeldt's reply that I want to address, he says that section 524-C does not apply because it only applies if consideration is based on debt that is dischargeable. And he claims that here because he had filed an adversary proceeding, the debt was somehow non-dischargeable. But that makes no sense.

The debt is not non-dischargeable until the Court determined that it's not dischargeable. That's the whole point of why we're here. So it's just a circular argument that doesn't make sense.

As a last ditch argument, Mr. Breitenfeldt claims that the Court can simple approve the settlement (indiscernible). And he points to the language in Judge Kressel's dismissal order that says that the Court retains jurisdiction to reopen -- to vacate the dismissal order and to reopen the adversary proceeding upon (indiscernible) for certain things.

Breitenfeldt -- Mr. Breitenfeldt, sorry, has not attempted to reopen the adversary proceeding, and he's not attempted to show cause. So that issue is not properly before the Court today.

Even if the Court were however to determine at this point that -- that -- I should say at some later point, that the Court were -- we don't think that the -- any of the conditions in the dismissal order could be met through reopening the case.

But even if that were to happen, that's -- the question presented here was is the debt discharged prior? If the Court were determine at some date in the future that the date -- that the debt is not discharged as of the approval of that settlement agreement, well we're back to square one, right? The judgements that were based on a discharged that are still void ab initio.

Finally, Mr. Breitenfeldt claims that Mr. Christenson's claims are barred by (indiscernible). But

again, the terms of the bankruptcy code refute his argument.

Section 524-A1 says that the discharge injunction quote,

"Voids any judgement at any time obtained whether or not discharge of such debt is waived."

Courts have held that when I cite those cases that this prevision cannot be waived because judgements based on a discharged debt are void ab initio.

And thus, the debtor's promptness or lack of promptness does not affect the validity of the judgement. It is void no matter what.

Mr. Breitenfeldt cites no case where a defense of latches or waiver or a stopple barred enforcement of the discharge injunction.

Mr. Breitenfeldt brought counter claims for slander of title for attorney's fees under the settlement agreement because the debt was discharged, because the judgement was void, the counter claims necessarily failed.

However, even if you disagree with our argument, even if you rule against us on the -- whether the debt was discharged, you can still find that the lis pendens was not a false statement. It is true that there is litigation ongoing in testing Mr. Breitenfeldt's interest in the property. You can find that it was filed in good faith.

So we respectfully request that the Court grant summary judgement in favor of my client, the plaintiff, Todd

Christenson. Find that the debt was discharged, find that the judgements are void under 524-A1. Find that Breitenfeldt's -- Mr. Breitenfeldt's collection efforts violated the discharge injunction.

Find that Mr. Breitenfeldt is in contempt of the discharge injunction. Find that Mr. Breitenfeldt has no interest in Mr. Christenson's real property. Award title of that property to Mr. Christenson, and grant summary judgement on Mr. Breitenfeldt's counter claims. Thank you, Your Honor.

THE COURT: Thank you, Mr. Otsuka. I'm going to hear from the other side first. I may have some questions later. Thank you. Apologies, Mr. Goerlitz. Our computers are running slowly. (Indiscernible) be paperless but it works better. Okay. Go ahead, Mr. Goerlitz. Thank you.

MR. GOERLITZ: Thanks, Your Honor. Good morning, again. I'm Jared Goerlitz and I'm here on behalf of the defendant, Mr. Breitenfeldt.

Mr. Otsuka I think set the stage procedurally where we're at, and he's given an appropriate background. And frankly, I don't mean to be disrespectful to the Court or my client, but we're basically regurgitating what we've spent a lot of time briefing.

So I don't feel like I need to regurgitate my brief to just hear myself talk. It -- and I think at its

simplest form, Your Honor, I go back --

THE COURT: The floor is yours, we'll listen. So --

MR. GOERLITZ: Appreciate that.

THE COURT: Yeah.

MR. GOERLITZ: I appreciate that. I go back to the preliminary hearing with Your Honor. And at the same time, I was settling an adversary case in this court. And I was pushing back on the other side that we settled it -- had a settlement conference with one of the judges. And placed the settlement on the record.

And then had a standard settlement agreement and confession of judgement similar to here. And then we simply filed a dismissal. And the other side before that decision was adamant that that was fine, that's how practice is done here.

My practice has been to get an order of the Court approving the settlement. That's just been my personal practice from -- from day one. But that has also changed over time because when I first started practicing, you know, a while ago but not too long ago, I've been practicing what, since 2006. So that's 18 years.

Early on the Courts were making a determination that (indiscernible) was non-dischargeable. I would say in the last five, six years, the bankruptcy court has stopped,

you know, issuing an order expressly stating that. And they've just issued an order kind of approving the settlement. They don't make a determination which is the -- the argument here.

But anyway, my point is Your Honor, that practice in this district, and I suspect around the country as well, has been that you do not need a determination from the Court that an adversary settlement has been approved. Or a determination from the Court that it's -- the debt is non-dischargeable.

So how did we get there, right? How did we evolve in that practice? And I've put that in my brief. I think we rely on a settlement agreement, having appropriate consideration when an adversary case is pending.

And I get we can get into the weeds and a bunch of different rabbit holes on the law in that. Other than in re (indiscernible), there is no case that is said that you have to have the approval of a bankruptcy court.

And all the cases that have been cited other than the one that has a local practice requiring approval of settlement agreements, and basically just cited the 523-C and said, you know, you need approval. It has to have a court approval. But they haven't really made that part of their determination.

And the one case, I'm going to butcher the name,

in re Martinelli, I mean that court -- I've noted that and I've replied with that Court said hey, there's an approval here. So I don't need to get in this issue of whether there -- there is an approval. Whether that's valid (indiscernible).

So we've made the argument regarding (indiscernible). Because it's during a pending adversary proceeding, which just being real, in reality, shows that we're -- you know, we're not just doing something outside the pervy of the bankruptcy court.

And all of these cases really that rely on the invalidity of settlement agreements were done in state court, or prior to the bankruptcy, or agreements prior to the bankruptcy, that I'm -- before I even filed bankruptcy, (indiscernible) just chargeable.

We don't have any case other than in (indiscernible) where there is a settlement during an adversary proceeding where they say you must have the approval by the court.

And I think in practice we get there because the code creates this rule, and then we've evolved that rule through bankruptcy procedure, right? We don't have notice in a hearing, and we don't have court determinations. That's just not the process, but we have -- in an adversary proceeding which satisfies the reality of notice of a

hearing and a determination.

We have a mini lawsuit within the bankruptcy to satisfy the purpose of rule 523-C. And we could go down -- I mean, these are the arguments that we have at the supreme court level with respect to the constitution.

Are we going to take the language of the rule literally? Or are we going to actually adapt that to how it should be read?

And again, I don't have any case law that says we're 100 percent correct. I don't think in re (indiscernible) is precedent for really anything. This Court could certainly use that as persuasive authority. But that's the only case that has ever overturned a settlement for not having court approval.

And I -- I've provided I think some important distinctions there. I mean, at a minimum, to me, I think everybody who reads it's like that lawyer screwed up by not allowing -- by allowing that case to be dismissed with prejudice without going through and finalizing your settlement.

And so fundamentally, the settlement agreement here followed Minnesota practice. There isn't an approval by the bankruptcy court, there isn't a determined from the bankruptcy court. But I think reality is, and this is -- kind of gets me back. And I -- you know, maybe Your Honor

or your clerk -- you know, I want to find this principle in the law. And I'm looking for a case that says this, because it's -- I know this is the law, right?

The law says this, and the law -- we've relied on that. And then you look, and look, and look, and you can't find a case for sometimes relatively straight forward things. And I think that is what we have here.

This is the practice in our district, this is how things have been done for a significant period of time. And they're trying to overturn that through this theory. And I understand it, it makes sense. The literally language says that you have to have a determination.

Well the literal language also says you have to have notice of a hearing. And while we can get into the definitions, and whether you actually have to have a hearing. But again, fundamentally, literally, that rule says you have to have a notice of a hearing.

Just like it says you have to have a determination. And I think the reason notice of a hearing and determination aren't literally accepted as being a requirement is because the procedure in adversary cases.

So with that said Your Honor, the Court should deny the complaint. All the counts are based upon essentially whether that settlement agreement violates 523-C or 524-C. We've (indiscernible) briefed that.

With respect to our counter claims, the second Your Honor determined that they didn't -- that in the preliminary hearing on the record said hey, I don't think there's any case law to support your position, you do not have a valid claim here. And then they file this penance. To me that raises the possibility of slandered title claim.

The Court can determine that on its own, I'm not going to belabor what's already in the briefing. But I've cited the caselaw that applies.

And then the settlement agreement certainly gave my client a right to attorney's fees with respect to this. So to me that's relatively straightforward as well. So unless the Court has any questions, I'll rely on my briefing and my comments.

THE COURT: I did -- I did have one question. That there was -- there -- this is a renewed judgement, right? So there's a substantial time period in which there's some kind of course of dealing essentially, where they're not -- there were $10,000 worth of credits. Were those credits for payments?

MR. GOERLITZ: There were some garnishment payments that were applied to the judgement, is my understanding. Yeah. So, I -- I've kind of obviously, globed that all into (indiscernible). And we can get into another rabbit hole on whether the waiver restrictions in

the bankruptcy court don't allow (indiscernible) as well.

But you know, the first thing I think of, at some point, (indiscernible) has to become (indiscernible). I get it's an equitable doctrine. But is that a couple of years? Is that five years? Is that ten years? Is that fifteen years?

Well you know, we have thirteen years here, Your Honor. So it's quite a significant amount of time to me that I think (indiscernible) applies. But there was -- the point of our declaration Your Honor, was to establish that there was something more going on here.

Mr. Otsuka's firm actually sent a letter after the case had been docketed the first time in Anoka County and became a judgement. And sought to only discharge the original judgement that was prior to the bankruptcy filing.

And the response was, you know, yeah, you can do that, but you can't discharge the secondary judgement that's post (indiscernible). So to me, there's various aspects of consideration going on during that thirteen year period.

THE COURT: I'm going to give you each a chance to reply to each other's comments here today.

MR. GOERLITZ: Okay.

THE COURT: But I don't -- that's all I have for you for the questions for now.

MR. GOERLITZ: Thank you, Your Honor.

THE COURT: Thank you. Mr. Otsuka, I'll let you respond to anything else we've heard so far.

MR. OTSUKA: Thank you, Your Honor. Your Honor, what I've heard is, in so many words, a concession. That what we did does not comply with the bankruptcy code. But that's just the way it's done here in Minnesota.

There's no evidence, by the way. I mean certainly, you know, the -- Your Honor has practiced in this district, and obviously sat on the bench for a number of years.

There's no evidence before the Court of some practice. But that's beside the point.

THE COURT: But --

MR. OTSUKA: The --

THE COURT: Let me ask a question just to make sure I'm really following what your point is, Mr. Otsuka. The -- is your view that the settlement agreement is only valid, only enforceable, that all dispositions of adversary proceedings in the district require a 9019 motion?

MR. OTSUKA: No.

THE COURT: Okay. Then can you elaborate?

MR. OTSUKA: The distinction here is this is a settlement that sought to accept from the discharge. That's -- that otherwise would be dischargeable.

When you have that situation, the only way to do

that is have the Court make some kind of determination that the debt is discharged -- or that the debt is not discharged.

So if there's some other kind of adversary that the parties want to settle, certainly they can settle that without -- there are circumstances where parties can settle without getting approval under 9019.

And I'm not -- again, I'm not suggesting that the only way that the Court can determine that debt is not dischargeable is by approving a settlement under 9019. We point to other cases where the parties submit a stipulated judgement.

The Court signs the stipulated judgement, and it says in part, this portion of the debt. Or the -- all of this debt that otherwise would be discharged is not discharged.

I'm not here to say that's -- that's not enough, maybe it is. But we're not having that discussion. The discussion is, can -- is no determination from the Court, is that okay?

And what I'm hearing is, the bankruptcy Court says the Court must make a determination, but we've decided, I've decided. The parties -- the local bar informally has decided, maybe the judges have decided. We can ignore that language of the bankruptcy code. And I'm suggesting that is

just not possible.

If there's a local rule that says in this situation, the Court -- the bankruptcy courts here do not require a settlement agreement to be (indiscernible), fine. I still don't know if a bank -- if a local rule can explicitly contradict what's in the bankruptcy code, maybe so.  We don't have that here.

We just have this sort of ephemeral -- well this is the practice over the last number of years, it's evolved, so therefore it's okay.  Even though it directly contradicts what's in the bankruptcy code.  There's no support anywhere for just ignoring the plain language of the code.

Now Mr. Goerlitz says well, I've -- the determination under 523-C1.  That's not meant literally because if it was then you'd have to have notice in a hearing.  But again, notice in a hearing is specifically defined under bankruptcy code section 102-1A and B.

After notice in a hearing means, and it then goes on to say, and it says if it authorizes an act without an actual hearing if such notice is given properly, and if other certain things are met.

So it's not that -- well, we've just read after notice in a hearing out of the code.  So then we should also read out the other section that the court has to determine. The code says what notice in a hearing means.  The Court

determines has to mean the Court does something. It can't mean the Court has no involvement at all.

That is the fundamental disagreement that I think that the parties have. And --

THE COURT: Let me -- let me come at this a slightly different way.

MR. OTSUKA: Sure.

THE COURT: So let's say this was a business dispute and the parties -- one party said you owe me $60,000 because I delivered a truckload of widgets to you. All right. And -- or you owe me $100,000 because I delivered months' worth of widgets to you.

And what if they settled for $60,000? And a promissory note was exchanged. And a stipulation to dismiss under -- what is it? Rule 41, maybe. You know, parties can stipulate to dismiss adversary proceedings can't they?

MR. OTSUKA: Of course.

THE COURT: And then they could -- isn't there an open question? Or isn't there an option that they can seek continuing jurisdiction in bankruptcy court? Or they can choose after the bankruptcy case is over to enforce their rights in state court?

How do you square Rule 41 with this idea that a settlement or a resolution of an adversary proceeding cannot stick, right? Or can't be enforceable, or can't be

appropriate, it can't be final if there's no formal express, affirmative judicial approval. Don't people do that quite often?

And I'm not just saying isn't that how we do things around here? I'm saying isn't that a sequence of events that's allowed under bankruptcy rule 7,041. Which incorporates Rule 41 by reference, so.

MR. OTSUKA: Well I guess a few things. Certainly, parties can settle any way they want. And the -- and of course, the question is, what's enforced? What's enforceable after the fact?

If I understand your hypothetical, if it is a dispute about pre-petition debt, that otherwise would be discharged, and the debtor agrees, I'm going to pay that debt post-petition. I'm going to reaffirm that debt, there needs to be some court oversight.

The Court either -- I mean, that's the whole point of reaffirmation agreement, right? The Court has -- and I get it. Reaffirmation agreements are filed every day. The Court's not pouring over every single one of them. There's not a notice in hearing about every single one of them.

But those requirements are in there for a reason, and we cite case law that says the reason is to prevent the (indiscernible) debtor from entering into an agreement. To pay debt that he otherwise wouldn't have to pay. Maybe the

debtor doesn't -- maybe he's unrepresented.  In this case he was unrepresented at this point.

Maybe he didn't realize that this debt is going to be discharged.  Maybe he didn't realize that he had valid defenses of the non-dischargeability action.

In that case, the Court has -- there has to be some oversight by the Court.

THE COURT:  Okay.  So let me reverse it, because I think I hear you saying that debtors reaffirming pre-petitioned debts is just different.  And that non-dischargeability settlements are just different.

If the tables were turned and it was the debtor who was suing a creditor, maybe for a preference, right?  And the preference was settled for $60,000.  Maybe it was $100,000 transfer, they settled for $60,000.  Would that be unenforceable without judicial approval?

MR. OTSUKA:  Based on that information I would say no, that is fine.  The --

THE COURT:  And the difference is because the debtor is -- you're -- go ahead.

MR. OTSUKA:  The difference is when -- when you're talking about the debtor agreeing to pay debt.  Pre-petitioned debt that otherwise would be discharged.

There's only two valid ways for the debtor to do that.  The creditor can agree to pay whatever the creditor

wants.  You don't need bankruptcy court approval for that. Well I don't -- maybe you do, I don't know.

To me the -- that is the distinguishing factor here.  When a debtor agrees, there's debt -- I have debt that otherwise would be dischargeable.  There's no dispute that this is the type of debt that otherwise would've been discharged.

When the debtor agrees that he is going to pay some of that debt post-petition with no new money coming in from the creditor, then there's only two ways that that can happen.

Now I guess there's a third way, the debtor and the creditor can agree on their own certainly.  That happens.  A debtor says, you know, it's my, you know, sister-in-law.  I'm going to pay her back.

Certainly, they can agree on that, but if the debtor doesn't, that agreement is not enforceable.  The only two ways, when a debtor agrees that I'm going to be obligated to pay debt that otherwise would be discharged, there's only two ways.

THE COURT:  And those two ways are reaffirmation and --

MR. OTSUKA:  Reaffirmation or getting a determination by the bankruptcy court in some form or fashion, that the debt is not discharged.

THE COURT: So your theory is that if the debtor is the one that would continue to pay under a resolution of an adversary proceeding, it's only enforceable if it's got -- if it goes through the reaffirmation process, or like a 9019 process. Or some kind of court approval process.

MR. OTSUKA: If the debtor is agreeing to pay a portion -- some or all of pre-petition debt, yes.

THE COURT: Okay.

MR. OTSUKA: That is -- that -- exactly. That is the distinction under the code. That if the debtor is agreeing to pay debt, pre-petition debt that otherwise would be discharged, there's only two ways that that can be enforced.

THE COURT: Okay. Is there anything else you want to add?

MR. OTSUKA: No, Your Honor. Thank you.

THE COURT: Thank you, Mr. Otsuka. Okay, thank you. Mr. Goerlitz, did you want to respond?

MR. GOERLITZ: Just a couple things, Your Honor. First factually, the settlement agreement does indicate that Mr. Christenson sought the advice of counsel. I acknowledge that could've been a standard prevision thrown in there.

But the reality is, my client believes he did seek the advice of counsel. Although, it may not have been counsel of record in the bankruptcy court. I think

everybody acknowledges that Mr. Otsuka's office had withdrawn by the time this settlement agreement had been filed.

But as the plain language of the settlement agreement says, they sought the advice of counsel. So I think that's important to note.

With respect to this idea that there isn't a notice of hearing requirement necessarily, because if you go to the definitions under 102, I can't remember which case off the top of my head -- I can't remember which case off the top of my head, you know, used 102 in response to a debtor basically saying, hey, this settlement agreement is invalid because there was no notice of a hearing.

And the court said well, under 102 you don't have to necessarily have notice of a hearing. If you go to 102-1B, it says it authorizes an act without an actual hearing if such notice is given properly, and if such hearing is not requested timely by a party in interest.

And they said well, they could've requested a hearing, they didn't. And so you know, there really isn't a notice of hearing requirement.

To me, again, if we're going to the literal plain language, that's not really what 102 says, right? Authorizes an act without an actual hearing. Okay, well I'm not sure that 523-C says you can do this without a hearing.

It seems to me it says you have to do it with a hearing.

Which means now you actually have to notice a hearing. And then the debtor would have to participate in that. But we -- they glossed over that in that case, which I get. But to me, this gets back to kind of the fundamentals of how does 523-C apply with the rules for an adversary proceeding?

And I think the legislature said 523-C requires some sort of notice and a determination by the Court so we're sure that debtors aren't entering into improper agreements. Or that you know, the bankruptcy code isn't being avoided in some way, shape, or form.

If it -- that's going to be determined non-dischargeable, it has to be a process and a procedure in place. And so I think we do rules of procedure. That's why we have adversary proceedings, because the literal position that has been taken by Mr. Christenson could possibly apply.

It's been chiseled away by different courts. You don't -- you didn't notice of hearing, you don't actually need a determination, you just need approval.

So to me, the reality of that all is why. Because we have rules of procedure that accomplish the purpose of rule 523-C. 523-C has been interpreted through a process called an adversary proceeding. It's court litigation. So everything is done under court supervision.

We can't -- we can't file a case and get out of the case without some sort of court supervision. And so here we have a settlement through court supervision, and there wasn't a notice of a hearing, there wasn't a determination. But we've satisfied the purpose of 523-C. And I think that's just a fundamental reality.

And I think there are other similar situations in the law where a code says something and then it's interpreted through procedure or different agencies, you know, will create their own rules.

The truth in lending act comes to mind, you got (indiscernible) and all this other, you know, determinations of okay, this is a rule and now we're going to determine how it applies. Here the distinction is the Court has to determine how it applies for a rule of procedure.

And that's why under Rule 41 you can voluntarily dismiss a case with or without prejudice, and still accomplish the purpose of 523-C and have a valid settlement agreement. And that's been the process in this court.

We're not ignoring the code, we're not saying we don't follow the code. We're saying the code has been essentially interpreted through a rule of procedure that accomplishes the sole purpose.

So that's all I have unless the Court has any questions.

THE COURT: I'm just looking at the docket in the original case. And there are quite a few stipulations. And my recollection is that Judge Kressel had indicated something about the parties representing to the Court that they had reached an agreement.

And the order resulted -- or the order was docketed after that representation was made to the Court. And presumably -- well right here -- okay. So I'm looking at the order for judgement, docket number 22 in the original adversary proceeding. So this is dated June 23, 2011.

And it says that there was something recorded in oral court. So the parties must've read onto the record, you know, some kind of understanding, some kind of agreement. Is that part of the record now in the -- in the motion that's on the docket now? The cross motions for summary judgement. Is there a transcript of that attached?

MR. GOERLITZ: I'm not aware that there was anything. I just know what the order says. I mean, I can ask my client if he recalls from that time ago if there was something placed on the record.

But there is nothing in this specific record that says anything other than what Judge Kressel put at the beginning of his court order that essentially there was a representation to the Court that a settlement had been made.

THE COURT: Okay. That's fine, thank you.

MR. GOERLITZ: Thanks, Your Honor.

THE COURT: Okay. I think that I heard in this (indiscernible) that you both feel like there isn't a written decision that squarely addresses how this type of adversary proceeding must be resolved in Minnesota.

Are you indicating that you want to respond to that, Mr. Otsuka? Okay. I think I heard you both say that there isn't enough caselaw to make this open and shut for both of you.

And so I'm going to take that note and take this under advisement and issue a written decision. And I think you both know from experience that my written decisions are not long or drawn out. And so this won't prevent either of you from having clarity about where you stand relatively quickly.

But I am going to take it under advisement on the theory that some very clear written guidance about how these things do or do not have to be done. Will be beneficial to other -- beneficial to the parties here in terms of understanding the outcome, and that it will be beneficial to other members of the bar to understand how things have to be done here going forward.

Mr. Otsuka, you look like you need to speak, so I'll hear from you.

MR. OTSUKA: Thank you, Your Honor. And I'm sorry

to keep hopping up here.  I just want to make sure that -- that the record is clear.

I'm not suggesting that there's not enough caselaw, that there's not -- precedent that the code is somehow unclear that -- to give guidance here.

When I was conceding that there may be some ambiguity.  What I was conceding is, the ambiguity is what exactly is sufficient to have the Court determine?

And my argument here is whatever -- whatever may be sufficient, whether that's a stipulated judgement, whether that's a 9019 approval of a settlement.  We don't have anything like that here.  There's no determination.

So it's -- so my point was, I would appreciate, and certainly if the Court wants to give that guidance all the better for future clarity, but for purposes of this case here before you, there is no question that there was no determination.

THE COURT:  Okay.  I'm going to just clarify what I meant by that.  And I'm not going to take additional argument at this time.  But what -- I am going to do a written decision in this case for the benefit of both parties so that you understand what -- how to proceed and why.

And in the event that either party wants to appeal my decision, I will try my best to create the best possible

record for that to happen. So hopefully that will clarify. But I have decided here that I'm not going to rule from the bench, that I am going to issue a written decision.

And my decisions are generally not terribly long, and generally not terribly slow to be released. And so I -- you should have some guidance about how to proceed in your case in a couple of weeks rather than months or something like that.

So with that I'm going to adjourn and wish you all a good day. And thank you for your argument today.

MR. OTSUKA: Thank you.

MR. GOERLITZ: Thanks, Your Honor.

(Whereupon these proceedings were concluded at 1:44 PM)

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: March 6, 2025

| 1 | 4 | 9 | |
|---|---|---|---|
| **10,000** 26:19 | **4** 7:22 | **9019** 28:19 | 16:9 24:7 25:15 27:12 37:2,19 |
| **10-48186** 1:3 | **41** 31:15,23 32:7 38:16 | 29:7,10 35:5 41:11 | **adamant** 21:15 |
| **100** 24:10 | | **9:45** 1:24 | **adapt** 24:7 |
| **100,000** 31:11 33:15 | **5** | **a** | **add** 35:15 |
| **1000** 4:5 | **5** 12:5 | **a1** 19:2 20:2 | **additional** 41:19 |
| **10004** 1:21 | **5-23a** 7:22 | **a2** 10:9,14 | **additionally** 6:19 |
| **102** 13:2 36:9 36:11,14,15,23 | **523** 10:7,8,9 11:3,5,17,20 | **a4** 10:9,14 | **address** 17:17 |
| **102-1a** 30:17 | 12:19 14:1 22:21 24:3 | **a6** 10:9,14 | **addresses** 40:4 |
| **11501** 43:23 | 25:24 30:14 | **ab** 6:14 18:23 19:7 | **adjourn** 42:9 |
| **12151** 43:6 | 36:25 37:6,8 37:23,23 38:5 | **accept** 28:23 | **admits** 16:24 |
| **18** 21:22 | 38:18 | **accepted** 9:7 10:12,20,23 | **adv** 1:4 |
| **19** 5:23 | **524** 14:2,6,10 14:13,18 15:1 | 11:4,16 13:14 13:25 25:20 | **adversary** 5:4 7:21,23 8:12 |
| **1:44** 42:14 | 15:8 16:18 | **accomplish** 37:22 38:18 | 8:25 11:2,13 12:6 17:6,20 |
| **1a** 13:3 | 17:1,12,17 19:2 20:2 | **accomplishes** 38:23 | 18:6,9 21:8 22:8,14 23:7 |
| **1b** 36:16 | 25:25 | **account** 6:13 6:15 | 23:18,24 25:21 28:18 29:4 |
| **2** | **55125** 4:15 | **accurate** 43:4 | 31:16,24 35:3 37:7,16,24 |
| **2** 7:22 | **55437** 4:6 | **acknowledge** 35:21 | 39:10 40:5 |
| **2006** 21:22 | **6** | **acknowledges** 36:1 | **advice** 35:21 35:24 36:5 |
| **2011** 39:10 | **6** 7:22 43:25 | **act** 30:19 36:16 36:24 38:11 | **advisement** 40:11,16 |
| **2013** 8:18 | **60,000** 8:2 31:9 31:13 33:14,15 | **action** 6:20 33:5 | **affect** 19:9 |
| **2023** 8:18 | **7** | **actual** 30:20 36:16,24 | **affirmative** 32:2 |
| **2024** 1:23 8:23 | **7** 7:19 9:14,19 | **actually** 12:23 12:25 13:4,4 | **agencies** 38:9 |
| **2025** 43:25 | **7,041** 32:6 | | **ago** 21:21,21 39:19 |
| **22** 1:23 39:9 | **7595** 4:13 | | |
| **23** 5:24 39:10 | **8** | | |
| **23-4033** 5:4 | **8300** 4:5 | | |
| **24-04033** 1:4 | | | |
| **25194** 4:14 | | | |
| **3** | | | |
| **3** 8:23 | | | |
| **300** 43:22 | | | |
| **330** 43:21 | | | |

| | | | |
|---|---|---|---|
| **agree** 14:4 33:25 34:13,16 | **amount** 27:8 | **approving** 21:18 22:2 29:10 | **back** 18:21 21:1,6,9 24:25 34:15 37:5 |
| **agreed** 8:3 12:15 | **analogize** 15:18 | **april** 8:23 | **background** 20:20 |
| **agreeing** 33:22 35:6,11 | **anoka** 8:19 27:13 | **argue** 6:5 | **bagbag** 14:9 |
| **agreement** 6:24 7:2,11,24 7:25 8:3 10:1 11:23 12:3,15 14:14,17,19,19 14:23,24 15:2 15:4,6,7,9,18 16:5,15,15,21 18:21 19:16 21:12 22:13 24:21 25:24 26:10 28:17 30:4 32:18,24 34:17 35:20 36:2,5,12 38:19 39:5,14 | **answer** 7:5 | **argues** 15:17 | **bank** 30:5 |
| | **anyway** 22:5 | **argument** 12:4 12:18 13:5 16:11 17:16,24 18:1 19:1,18 22:4 23:6 41:9 41:20 42:10 | **bankruptcy** 1:1,19 2:3 7:4 7:7,18 8:4,6,7 8:10 9:16,19 9:21,22 10:1,5 10:8,11,19,22 10:24 11:1,8 11:14 12:1,8 13:2 14:8 15:15 17:10,13 17:15 19:1 21:25 22:18 23:10,13,14,14 23:22 24:2,23 24:24 27:1,15 28:5 29:21,25 30:3,6,11,17 31:20,21 32:6 34:1,24 35:25 37:11 |
| | **apologies** 20:13 | | |
| | **appeal** 41:24 | | |
| | **appearances** 5:7 | | |
| | **applied** 26:22 | **arguments** 11:18 24:4 | |
| | **applies** 16:18 17:18 26:9 27:9 38:14,15 | **asked** 8:11 | |
| | | **aspects** 27:18 | |
| | | **asserts** 13:13 | |
| | **apply** 17:18 37:6,17 | **assume** 10:7 | |
| | | **attached** 39:16 | |
| | **appreciate** 21:4,6 41:13 | **attempted** 18:9 18:10 | |
| | | **attorney** 4:4,12 15:5 | |
| | **approach** 5:10 | | |
| **agreements** 14:7 22:21 23:12,13 32:19 37:11 | **appropriate** 20:20 22:13 32:1 | **attorney's** 19:15 26:11 | **bar** 29:23 40:21 |
| **agrees** 32:14 34:4,8,18 | **approval** 7:3 8:6 18:21 22:18,20,22,23 23:2,4,19 24:14,22 29:7 32:2 33:16 34:1 35:5 37:20 41:11 | **august** 1:23 | |
| | | **authority** 13:20 24:12 | |
| **ahead** 20:15 33:20 | | **authorizes** 30:19 36:16,24 | **barred** 18:25 19:12 |
| **allow** 27:1 | | **avoided** 37:12 | |
| **allowed** 32:6 | | **award** 20:7 | **based** 7:7 13:6 14:15,21 17:19 18:22 19:6 25:23 33:17 |
| **allowing** 24:18 24:18 | **approve** 8:4 15:8 18:2 | **aware** 39:17 | |
| | | **b** | |
| **ambiguity** 41:7 41:7 | **approved** 17:13,14 22:8 | **b** 2:1 9:13 13:3 30:17 | **basically** 20:22 22:21 36:12 |

**beginning** 9:5 39:23
**behalf** 5:19 20:17
**belabor** 7:16 17:14 26:8
**believes** 35:23
**bench** 28:9 42:3
**beneficial** 40:18,19,20
**benefit** 41:21
**best** 15:10 41:25,25
**better** 20:15 41:15
**bind** 7:4
**blvd** 4:13
**bowling** 1:20
**box** 4:14
**breitenfeldt** 1:15 3:6,6 4:12 5:5,6,19 6:11 6:16,20,23,25 7:9,19,20 8:1,4 8:9,14,15,18 8:24 9:2 10:24 11:16 12:12 13:12 15:15 16:3,11,23 17:3 18:1,8,8 18:24 19:11,14 20:5,6,18
**breitenfeldt's** 6:14 7:13 9:5 10:23 11:4,4 17:16 19:22

20:3,3,9
**brief** 12:5,18 20:25 22:12
**briefed** 25:25
**briefing** 11:22 14:9 17:4 20:23 26:8,13
**briefs** 7:9
**brought** 19:14
**bunch** 11:17 22:15
**business** 31:8
**butcher** 22:25

**c**

**c** 4:1 5:1 11:3,5 11:17,20 14:1 14:2,6,10,13 14:18 15:1 16:18 17:1,12 17:17 22:21 24:3 25:24,25 36:25 37:6,8 37:23,23 38:5 38:18 43:1,1
**c1** 10:8,8 12:19 30:14
**c6a** 15:8
**called** 37:24
**case** 1:3,4 5:5 7:10 9:16,19 9:23 10:22 11:12 12:12,13 12:24 13:11 14:9 17:3,4,9 18:16 19:11 21:8 22:14,17 22:25 23:16

24:9,13,18 25:2,6 26:4 27:13 31:21 32:23 33:1,6 36:9,10 37:4 38:1,2,17 39:2 41:15,21 42:7
**caselaw** 26:9 40:8 41:4
**cases** 11:6 19:5 22:19 23:11 25:21 29:11
**cause** 11:18 18:10
**caused** 6:23
**center** 4:5
**certain** 18:7 30:21
**certainly** 24:12 26:10 28:8 29:5 32:9 34:13,16 41:14
**certified** 43:3
**chance** 27:20
**changed** 21:19
**chapter** 7:19 9:14,19
**chargeable** 23:15
**chiseled** 37:18
**choose** 31:21
**christenson** 1:8,8,12 3:2 4:4 5:5,14 6:8 6:25 7:13,18 7:25 8:13,16 8:18,25 15:5

16:4,5 20:1,8 35:21 37:17
**christenson's** 6:10,17 8:21 8:24 18:25 20:7
**circular** 17:24
**circumstances** 7:11 29:6
**cite** 7:8 11:6 12:24 19:5 32:23
**cited** 7:9 14:9 17:4 22:19,21 26:9
**cites** 12:12 19:11
**civil** 9:2
**claim** 26:5,6
**claims** 6:23 7:13,14 17:19 18:1,24,25 19:14,17 20:9 26:1
**clarify** 41:18 42:1
**clarity** 40:14 41:15
**classic** 9:8
**clear** 7:7 11:16 15:14 40:17 41:2
**clearly** 14:19
**clerk** 25:1
**client** 19:25 20:22 26:11 35:23 39:19

**close** 10:12
12:7 13:14
14:10 16:19
17:8,13
**code** 7:8 10:2,8
11:7,15 13:2
13:22 15:15
19:1 23:21
28:5 29:25
30:6,11,12,17
30:23,25 35:10
37:11 38:8,20
38:21,21 41:4
**colleague** 5:15
**collect** 6:20
**collection** 20:3
**come** 6:6 10:16
15:16 31:5
**comes** 11:17
12:4 15:15
38:11
**coming** 34:9
**comments**
26:14 27:21
**common** 9:18
**complaint**
25:23
**compliance**
10:1
**comply** 28:5
**computers**
20:13
**concedes** 10:24
**conceding** 41:6
41:7
**concession**
28:4

**concluded**
42:13
**conclusively**
11:3
**conditions**
18:15
**conference**
21:10
**confession**
8:15 21:13
**consideration**
14:15,20 16:14
16:16,19,21,22
16:24 17:18
22:14 27:19
**considered**
11:13
**consolidate**
15:24
**consolidated**
15:24 16:9
**consolidation**
15:19,24
**constitution**
24:5
**contempt** 9:2
20:5
**continue** 35:2
**continuing**
31:20
**contract** 11:23
**contradict**
30:6
**contradicts**
30:10
**convince** 11:22

**correct** 24:10
**could've** 35:22
36:19
**counsel** 5:7
35:21,24,25
36:5
**counter** 7:14
19:14,17 20:9
26:1
**country** 12:13
22:6 43:21
**counts** 25:23
**county** 8:19,20
8:21 27:13
**couple** 27:4
35:19 42:7
**course** 14:5
15:11 16:10
26:18 31:17
32:10
**court** 1:1,19
5:2,11,16,21
5:21 6:5 7:1,4
7:10,16 8:4,6,7
8:10,17 9:21
10:5,11,17,19
10:22,25 11:1
11:8,14,19,22
11:25 12:1,3
12:14,16,20,23
12:25 13:7,9
13:10,10,13,17
13:18,22,23
14:8 15:8
17:13,15,22
18:2,4,11,12
18:14,19 19:24

20:11,21 21:2
21:5,8,17,25
22:7,9,18,23
23:1,2,10,13
23:19,23 24:5
24:12,14,23,24
25:22 26:7,13
26:15 27:1,20
27:23 28:1,11
28:13,15,21
29:1,9,13,19
29:21,22 30:3
30:24,25 31:1
31:2,5,8,18,20
31:22 32:16,17
32:18 33:6,7,8
33:19 34:1,21
34:24 35:1,5,8
35:14,17,25
36:14 37:9,24
37:25 38:2,3
38:14,19,24
39:1,4,7,12,23
39:24,25 40:2
41:8,14,18
**court's** 12:8
32:20
**courtroom**
5:15
**courts** 11:6,8
19:5 21:23
30:3 37:18
**create** 38:10
41:25
**creates** 23:21
**creative** 11:18

**creditor** 7:3,20 10:10,16 14:4 14:14,20 33:13 33:25,25 34:10 34:13
**credits** 26:19 26:20
**cross** 5:22 7:2 39:15
**crow** 8:20
**currell** 4:13

**d**

**d** 5:1
**date** 9:16 18:19 18:20 43:25
**dated** 39:10
**day** 21:19 32:19 42:10
**dealing** 26:18
**deb** 6:10
**debating** 5:25
**debt** 6:14,19 6:21,23 7:5,21 8:1,9 9:5,6,8,9 9:10,15,18 10:3,6,12,23 11:4,16 12:1 12:16 13:14,25 14:5,12,16,21 15:12,13,20,22 16:3,6,10,13 16:17,20,22,25 17:1,19,20,22 18:18,20 19:4 19:7,16,19 20:1 22:9 29:2 29:2,9,14,15

32:13,15,15,25 33:3,22,23 34:4,4,6,9,19 34:25 35:7,11 35:11
**debtor** 7:3,4 9:25 12:15 14:4,14,20 15:9,22 17:10 32:14,24 33:1 33:12,20,22,24 34:4,8,12,14 34:17,18 35:1 35:6,10 36:12 37:3
**debtor's** 19:8
**debtors** 1:10 33:9 37:10
**debts** 9:15,17 9:21,24 10:2,8 10:9,14,20 33:10
**decide** 9:22
**decided** 7:23 9:22 29:22,23 29:24,24 42:2
**decides** 10:5
**decision** 21:14 40:4,11 41:21 41:25 42:3
**decisions** 7:8 40:12 42:4
**declaration** 9:13 27:10
**defendant** 1:16 5:5,19,24 20:18

**defense** 19:11
**defenses** 33:5
**defined** 30:17
**defines** 13:3
**definitions** 25:15 36:9
**delivered** 31:10,11
**deny** 25:23
**describe** 10:14
**determinate** 11:12
**determination** 7:21 8:8 10:25 11:7,9,13 12:8 12:16,20 13:7 13:10,16 21:23 22:3,7,9,24 24:1 25:12,19 25:20 29:1,19 29:22 30:14 34:24 37:9,20 38:5 41:12,17
**determinations** 23:23 38:12
**determine** 10:20,22 12:1 13:19 18:12,19 26:7 29:9 30:24 38:13,15 41:8
**determined** 17:23 24:23 26:2 37:13
**determines** 10:11 13:14,17 31:1

**difference** 33:19,21
**different** 6:3 11:8,8 15:20 22:16 31:6 33:10,11 37:18 38:9
**differently** 16:8
**directly** 30:10
**disagree** 19:18
**disagreement** 31:3
**discharge** 6:21 7:19 9:1,3,7,9 9:12,14,25 10:4,12,21,23 11:5,17 13:15 14:1,3 16:17 19:2,4,13 20:4 20:6 27:14,17 28:23
**dischargeabi...** 8:8 12:6,8,17 17:10 33:5,11
**dischargeable** 7:5,22 9:11 10:15 12:2,15 14:11,16,22 15:13 16:13,20 16:22,25 17:19 17:21,22,23 21:24 22:10 28:24 29:10 34:5 37:14
**discharged** 6:11,12,19,21

6:23 9:6,6,11 9:15,17,19,23 10:4,6,10 14:5 15:21,23 17:2 18:18,20,23 19:7,16,20 20:1 29:2,3,15 29:16 32:14 33:4,23 34:7 34:19,25 35:12

**discussion** 29:18,19

**dismiss** 11:2 31:14,16 38:17

**dismissal** 18:4 18:5,15 21:14

**dismissed** 8:11 24:18

**dispositions** 28:18

**dispute** 9:6 11:23 12:24 31:9 32:13 34:5

**disrespectful** 20:21

**distinction** 28:22 35:10 38:14

**distinctions** 24:16

**distinguishing** 34:3

**district** 1:2 12:14 14:8 22:6 25:8 28:9 28:19

**ditch** 18:1

**docket** 5:23,24 39:1,9,15

**docketed** 8:19 27:13 39:7

**doctrine** 27:4

**doing** 23:9

**don't** 24:10

**doubt** 12:10

**drawn** 40:13

**drive** 4:5

**e**

**e** 2:1,1 4:1,1 5:1,1 43:1

**early** 21:23

**ecro** 2:5

**effectuating** 10:16

**efforts** 20:3

**either** 7:10 32:17 40:13 41:24

**elaborate** 28:21

**enforce** 9:1 31:21

**enforceable** 12:11 14:17,24 17:7,12 28:18 31:25 32:11 34:17 35:3

**enforced** 7:11 12:14 15:12 32:10 35:13

**enforcement** 19:12

**entered** 6:13 7:12,24 8:17 13:9

**entering** 32:24 37:10

**ephemeral** 30:8

**equitable** 27:4

**essentially** 12:19 25:24 26:18 38:22 39:23

**establish** 27:10

**event** 41:24

**events** 32:6

**eventually** 8:15,23

**everybody** 24:17 36:1

**evidence** 28:7 28:11

**evidentiary** 13:1,5,6

**evolve** 22:11

**evolved** 23:21 30:9

**exact** 8:2

**exactly** 35:9 41:8

**exchanged** 31:14

**excusive** 14:10

**executed** 8:16

**exhibit** 9:13

**exhibits** 3:3,7

**existed** 9:16

**existing** 16:6

**exists** 13:20

**experience** 40:12

**explicitly** 30:6

**express** 32:1

**expressly** 22:1

**extend** 16:4

**extinguished** 16:3

**f**

**f** 2:1 43:1

**faced** 15:14

**fact** 11:1 12:12 13:2 17:6 32:11

**factor** 34:3

**facts** 3:2,6 7:15 7:17

**factually** 35:20

**failed** 19:17

**faith** 19:23

**false** 19:21

**far** 28:2

**fashion** 34:25

**favor** 19:25

**federal** 16:8

**feel** 20:24 40:3

**fees** 19:15 26:11

**fifteen** 27:5

**file** 26:5 38:1

**filed** 3:1,5 5:22 5:23 6:2 7:18 8:15 9:16 17:20 19:23 21:14 23:14

32:19 36:3
**filing** 27:15
**final** 32:1
**finalizing** 24:19
**finally** 18:24
**find** 19:20,23 20:1,1,2,5,6 25:1,6
**fine** 5:12 6:4 21:15 30:4 33:18 39:25
**firm** 27:12
**first** 5:25 6:1,2 20:12 21:20 27:2,13 35:20
**five** 21:25 27:5
**floor** 21:2
**focus** 9:4
**follow** 14:6 38:21
**followed** 24:22
**following** 17:11 28:16
**follows** 14:17
**force** 6:18
**foregoing** 43:3
**form** 21:1 34:24 37:12
**formal** 32:1
**forward** 6:6 25:6 40:22
**found** 7:10 12:13
**foundational** 6:9

**frankly** 20:21
**fundamental** 31:3 38:6
**fundamentally** 15:20 24:21 25:16
**fundamentals** 37:6
**future** 18:19 41:15

**g**

**g** 5:1
**garnishment** 26:21
**generally** 42:4 42:5
**getting** 29:7 34:23
**give** 27:20 41:5 41:14
**given** 9:25 20:20 30:20 36:17
**globed** 26:24
**glossed** 37:4
**go** 5:25 6:1 20:15 21:1,6 24:3 33:20 36:8,15
**goerlitz** 4:11 4:17 5:18,19 6:4 20:13,15 20:16,17 21:4 21:6 26:21 27:22,25 30:13 35:18,19 39:17 40:1 42:12

**goes** 30:18 35:4
**going** 20:11 22:25 24:6,7 24:19 26:8 27:11,19,20 32:14,15 33:3 34:8,15,18 36:22 37:13 38:13 40:10,16 40:22 41:18,19 41:20 42:2,3,9
**good** 5:9,13,18 6:7 19:23 20:16 42:10
**grant** 19:24 20:8
**green** 1:20
**greg** 5:13 6:8
**gregory** 4:9
**guess** 32:8 34:12
**guidance** 40:17 41:5,14 42:6

**h**

**h** 9:21
**happen** 15:11 18:17 34:11 42:1
**happened** 6:22 11:12
**happens** 34:14
**hardship** 15:9 15:22
**hatched** 9:13
**head** 36:10,11
**heading** 9:20

**hear** 20:12,25 33:9 40:24
**heard** 28:2,4 40:2,7
**hearing** 3:1,5 5:4 10:11,18 10:19 12:20,22 12:23,25 13:1 13:4,5,6 21:7 23:23 24:1 25:14,16,17,19 26:3 29:21 30:16,16,18,20 30:23,25 32:21 36:8,13,15,16 36:17,20,21,24 36:25 37:1,3 37:19 38:4
**held** 11:6 17:8 17:9 19:5
**help** 11:18
**hey** 23:2 26:3 36:12
**hoffman** 4:3
**hold** 9:2 12:23 13:1
**hole** 26:25
**holes** 22:16
**hon** 2:2
**honor** 5:9,13 5:18 6:4,7,9 20:10,16 21:1 21:7 22:5 24:25 25:22 26:2 27:8,10 27:25 28:3,3,8 35:16,19 40:1

40:25 42:12
**hopefully** 42:1
**hopping** 41:1
**hyde** 3:25 43:3
43:8
**hypothetical**
32:12

**i**

**idea** 31:23 36:7
**ignore** 11:19
29:24
**ignoring** 30:12
38:20
**imagine** 13:21
**important**
24:15 36:6
**imposing** 15:9
**improper**
37:10
**incorporates**
32:7
**indicate** 35:20
**indicated** 39:3
**indicating** 40:6
**indiscernible**
13:24 18:3,6
18:25 20:14
21:24 22:17
23:5,7,15,17
24:11 25:25
26:24 27:1,3,3
27:9,18 30:4
32:24 38:12
40:3
**informally**
29:23

**information**
33:17
**initiated** 7:20
8:22,25
**initio** 6:14
18:23 19:7
**injunction**
6:21 9:2,3 19:2
19:13 20:4,6
**instance** 11:21
15:17
**interest** 6:16
15:10 19:22
20:7 36:18
**interpreted**
37:23 38:9,22
**invalid** 36:13
**invalidity**
23:12
**involved** 16:21
**involvement**
7:4 13:18 31:2
**issue** 6:9 18:10
23:3 40:11
42:3
**issued** 22:2
**issuing** 22:1
**item** 9:21
**items** 9:19

**j**

**j** 1:15 3:5,6 4:8
4:12
**jared** 4:17 5:18
20:17
**judge** 2:3 8:10
18:3 39:3,22

**judgement**
5:22 6:13,14
6:15 7:12 8:15
8:17,19,20
13:9 19:3,9,17
19:25 20:9
21:13 26:16,22
27:14,15,17
29:12,13 39:9
39:16 41:10
**judgements**
18:22 19:6
20:2
**judges** 21:10
29:24
**judgment** 3:1,5
**judicial** 32:2
33:16
**june** 39:10
**jurisdiction**
18:5 31:20

**k**

**keep** 41:1
**kesha** 2:2
**kind** 8:7 11:11
22:2 24:25
26:18,23 29:1
29:4 35:5 37:5
39:13,13
**know** 11:11
21:20 22:1,22
23:9 24:25
25:1,3 27:2,7
27:16 28:8
30:5 31:15
34:2,14,14
36:11,20 37:11

38:10,12 39:13
39:18 40:12
**kressel** 8:10
39:3,22
**kressel's** 18:4

**l**

**l** 2:2
**lack** 19:8
**language** 7:7
11:3,15,19
15:14 18:3
24:6 25:11,13
29:25 30:12
36:4,23
**larkin** 4:3
**latches** 19:12
**law** 3:2,7 4:11
22:16 24:9
25:2,3,4,4 26:4
32:23 34:15
38:8
**lawsuit** 24:2
**lawyer** 24:17
**lean** 6:14 8:21
**ledanski** 3:25
43:3,8
**legal** 43:20
**legislature**
37:8
**lending** 38:11
**letter** 27:12
**level** 24:5
**likewise** 6:15
**lis** 19:20
**listed** 14:18
**listen** 21:2

| | | | |
|---|---|---|---|
| **lists** 9:18 | **making** 21:23 | **mini** 24:2 | **neither** 8:5 |
| **literal** 25:13 | **march** 43:25 | **minimum** | **never** 8:7 12:3 |
| 36:22 37:16 | **martinelli** | 24:16 | **new** 1:21 14:9 |
| **literally** 24:7 | 12:24 13:8 | **minneapolis** | 15:25,25 16:4 |
| 25:11,16,20 | 23:1 | 4:6 | 16:10 34:9 |
| 30:14 | **mary** 1:8 | **minnesota** 1:2 | **nice** 5:2 |
| **litigation** 13:19 | **matter** 1:6 | 24:22 28:6 | **non** 7:22 8:8 |
| 17:11 19:21 | 16:20 19:10 | 40:5 | 10:15 12:2,6,8 |
| 37:24 | **matters** 16:21 | **missed** 8:14 | 12:16 14:16 |
| **loan** 15:18,23 | **mean** 12:10,20 | **misses** 11:24 | 15:12 17:10,21 |
| 15:24,25 16:9 | 12:23 20:21 | **mn** 4:6,15 | 17:22 21:24 |
| 16:10 | 23:1 24:4,16 | **money** 15:25 | 22:9 33:5,10 |
| **loans** 15:20,21 | 28:7 31:1,2 | 16:4 34:9 | 37:13 |
| 16:1,7 | 32:17 39:18 | **months** 31:12 | **norman** 4:5 |
| **local** 22:20 | **meaning** 14:10 | 42:7 | **notably** 13:8 |
| 29:23 30:2,5 | **means** 11:3,9 | **morning** 5:9 | **note** 9:20 15:4 |
| **long** 21:21 | 11:10 13:3,4 | 5:13,18 6:7 | 31:14 36:6 |
| 40:13 42:4 | 14:11,25 30:18 | 20:16 | 40:10 |
| **look** 9:12 25:5 | 30:25 37:2 | **motion** 3:1,3,5 | **noted** 14:10 |
| 25:5,5 40:23 | **meant** 30:14 | 3:7 6:2 28:19 | 23:1 |
| **looking** 25:2 | 41:19 | 39:15 | **notice** 10:11,17 |
| 39:1,8 | **meet** 14:25 | **motions** 5:22 | 10:18 12:19,22 |
| **lot** 11:21 20:23 | 15:3 | 7:2 39:15 | 12:25 13:3 |
| | **members** | **must've** 39:12 | 23:22,25 25:14 |
| **m** | 40:21 | | 25:17,19 30:15 |
| | **memorandum** | **n** | 30:16,18,20,23 |
| **m** 4:17 | 3:2,6 | | 30:25 32:21 |
| **made** 8:7 22:23 | **mentioned** | **n** 4:1 5:1 43:1 | 36:8,13,15,17 |
| 23:6 39:7,24 | 10:5 14:2 | **name** 22:25 | 36:21 37:2,9 |
| **make** 8:13 | **mer** 1:3,4 | **necessarily** | 37:19 38:4 |
| 10:16,25 13:7 | **met** 18:15 | 12:22 19:17 | **number** 5:4,23 |
| 13:16 17:25 | 30:21 | 36:8,15 | 9:24 28:9 30:9 |
| 22:3 28:15 | **microphone** | **need** 13:23 | 39:9 |
| 29:1,22 40:8 | 5:12 | 20:24 22:7,22 | **ny** 1:21 43:23 |
| 41:1 | **mind** 38:11 | 23:3 34:1 | |
| **makes** 11:15 | **mineola** 43:23 | 37:20,20 40:23 | |
| 12:18 16:11 | | **needs** 32:16 | |
| 17:7,21 25:11 | | **negotiation** | |
| | | 15:6 | |

| o | | | |
|---|---|---|---|
| **o** 2:1 5:1 43:1 | **otsuka** 4:9 5:9 5:13,14,17 6:7 6:8 20:11,19 28:1,3,14,16 28:20,22 31:7 31:17 32:8 33:17,21 34:23 35:6,9,16,17 40:7,23,25 42:11 | 39:14 | **petersen** 5:15 |
| **obligated** 34:19 | | **participate** 37:3 | **peterson** 4:8 |
| **obtained** 8:5 19:3 | | **parties** 7:23 8:11 11:25 13:15,18,23 15:3 29:5,6,11 29:23 31:4,9 31:15 32:9 39:4,12 40:19 41:22 | **petition** 7:2,5 16:2,2 32:13 32:15 34:9 35:7,11 |
| **obviously** 26:23 28:9 | | | **petitioned** 6:10 8:1,9 9:9 33:10 33:23 |
| **occurred** 8:23 17:6 | | | |
| **office** 36:1 | **otsuka's** 27:12 36:1 | **party** 8:5 31:9 36:18 41:24 | **place** 37:15 |
| **okay** 5:21 6:5 20:15 27:22 28:21 29:20 30:10 33:8 35:8,14,17 36:24 38:13 39:8,25 40:2,7 41:18 | **outcome** 40:20 | **paul** 4:15 | **placed** 8:20 21:10 39:20 |
| | **outside** 23:9 | **pay** 7:4,5 8:1 12:15 16:5 32:14,25,25 33:22,25 34:8 34:15,19 35:2 35:6,11 | **plain** 11:2,15 30:12 36:4,22 |
| | **oversight** 7:3 32:16 33:7 | | **plaintiff** 1:13 5:8,14,23 6:1,8 19:25 |
| | **overturn** 25:10 | | |
| | **overturned** 24:13 | | **please** 5:8 |
| **old** 16:6 43:21 | **owe** 31:9,11 | **payments** 8:14 8:14 26:20,22 | **pllc** 4:11 |
| **once** 5:3 | **owed** 8:9 | | **pm** 42:14 |
| **ongoing** 19:22 | **own** 13:16,18 13:19,24 26:7 34:13 38:10 | **pays** 15:25 | **point** 11:24,25 15:19 17:14,24 18:13,13 22:5 27:3,10 28:12 28:16 29:11 32:17 33:2 41:13 |
| **open** 31:19 40:8 | | **penance** 26:5 | |
| | | **pendens** 19:20 | |
| **opening** 12:5 | p | **pending** 22:14 23:7 | |
| **opportunity** 10:17,18 | **p** 4:1,1 5:1 | | |
| | **p.o.** 4:14 | **people** 32:2 | **pointed** 16:7 |
| **option** 31:19 | **page** 12:5 16:23 | **percent** 24:10 | **points** 16:15 18:3 |
| **oral** 39:12 | **paid** 16:3 | **period** 25:9 26:17 27:19 | **portion** 6:13 8:1 16:5,24 29:14 35:7 |
| **order** 3:3,7 9:12,14 10:4 14:3,23 18:4,5 18:15 21:17 22:1,2 39:6,6,9 39:18,23 | **paperless** 20:14 | | |
| | | **person** 5:3 | |
| | **paraphrase** 10:7 | **personal** 21:18 | **position** 26:4 37:16 |
| | **part** 8:16 14:15 14:21 16:19 22:23 29:14 | **persuasive** 24:12 | |
| **original** 27:15 39:2,9 | | **pervy** 23:10 | **possibility** 14:2 26:6 |

possible 30:1
41:25
possibly 37:17
post 7:2 27:18
32:15 34:9
potentially
16:25
pouring 32:20
practice 21:15
21:17,19 22:5
22:12,20 23:20
24:22 25:8
28:12 30:9
practiced 28:8
practicing
21:20,21
pre 6:10 7:5
8:1,8 9:8 16:2
16:2 32:13
33:9,22 35:7
35:11
precedent
24:11 41:4
preference
33:13,14
prejudice
24:19 38:17
preliminary
21:7 26:3
present 15:3
presented 6:9
7:1 12:3 18:18
presumably
39:8
prevent 32:23
40:13

prevision 19:6
35:22
previsions
17:11
principle 25:1
prior 15:25
18:18 23:13,13
27:15
procedurally
20:19
procedure
23:22 25:21
37:14,15,22
38:9,15,22
proceed 41:22
42:6
proceeding 5:4
7:21 8:12 9:1
11:2,13 17:7
17:20 18:6,9
23:8,18,25
31:24 35:3
37:7,24 39:10
40:5
proceedings
12:6 28:19
31:16 37:16
42:13 43:4
process 23:24
35:4,5,5 37:14
37:23 38:19
promissory
31:14
promptness
19:8,9
proof 3:3

properly 18:10
30:20 36:17
property 6:17
8:21,24 19:23
20:7,8
proposed 3:3,7
proposition
17:5
protection
7:18
protections
9:25
prove 15:22
provided 7:25
24:15
purchased
8:24
purpose 24:3
37:22 38:5,18
38:23
purposes 41:15
pushing 21:9
put 15:25
22:12 39:22

**q**

question 7:1
9:4 18:18
26:15 28:15
31:19 32:10
41:16
questions
20:12 26:13
27:24 38:25
quickly 40:15
quiet 9:1
quite 27:8 32:2
39:2

quote 10:11,12
12:7,7 13:13
13:14 14:10,10
16:19,19 17:5
17:8,13 19:2
quoting 17:9

**r**

r 2:1 4:1 5:1
43:1
rabbit 22:16
26:25
raised 9:5
raises 26:6
rather 42:7
reached 39:5
read 13:21
24:8 30:22,24
39:12
reads 24:17
reaffirm 32:15
reaffirmation
10:1,2 14:6,24
15:4,7 17:11
32:18,19 34:21
34:23 35:4
reaffirmed
14:1,12
reaffirming
33:9
real 6:17 8:21
8:24 20:7 23:8
reality 23:8,25
24:24 35:23
37:21 38:6
realize 33:3,4
really 12:20
22:23 23:11

24:11 28:16
36:20,23
**reason** 12:9
25:19 32:22,23
**recalls** 39:19
**received** 7:19
**recollection**
39:3
**record** 6:8
21:11 26:3
35:25 39:12,14
39:20,21 41:2
42:1 43:4
**recorded** 39:11
**reference** 32:7
**refute** 19:1
**regarding** 8:8
23:6
**regulations**
16:8
**regurgitate**
20:24
**regurgitating**
20:22
**relatively** 25:6
26:12 40:14
**released** 42:5
**relevant** 7:15
**relied** 25:4
**relies** 17:3
**rely** 22:13
23:11 26:13
**remember** 36:9
36:10
**remind** 7:16
**renewed** 8:18
26:16

**reopen** 18:5,6
18:9
**reopening**
18:16
**replied** 23:2
**reply** 12:18
13:12 16:12,23
17:3,17 27:21
**representation**
39:7,24
**represented**
15:5
**representing**
39:4
**request** 10:10
10:16 19:24
**requested**
36:18,19
**require** 12:25
13:4 28:19
30:4
**requirement**
13:13 25:21
36:8,21
**requirements**
10:2 14:6,17
14:25 15:3
32:22
**requires** 11:7
37:8
**requiring**
22:20
**resolution**
31:24 35:2
**resolve** 17:6
**resolved** 40:5

**respect** 24:5
26:1,11 36:7
**respectfully**
19:24
**respond** 28:2
35:18 40:6
**response** 15:19
27:16 36:11
**restrictions**
26:25
**resulted** 39:6
**retains** 18:4
**reverse** 33:8
**right** 6:17
18:22 22:11
23:22 25:3
26:11,17 31:11
31:25 32:18
33:13 36:23
39:8
**rights** 31:22
**road** 43:21
**routinely** 12:7
**rule** 19:19
23:21,21 24:3
24:6 25:16
30:2,5 31:15
31:23 32:6,7
37:23 38:13,15
38:16,22 42:2
**rules** 37:6,15
37:22 38:10
**running** 20:14

| s |
| --- |

**s** 4:1,9 5:1
**sailor** 17:4,5,8
17:9

**sale** 6:18 8:22
**salient** 7:17
**sat** 28:9
**satisfied** 13:15
38:5
**satisfies** 23:25
**satisfy** 24:3
**saw** 8:5
**saying** 13:6
32:4,5 33:9
36:12 38:20,21
**says** 9:14,17
10:8 12:19,21
12:22,24 13:17
13:22 14:13
16:13,16,18
17:5,17 18:4
19:2 24:9 25:2
25:4,11,13,17
25:18 29:14,21
30:2,13,19,25
32:23 34:14
36:5,16,23,25
37:1 38:8
39:11,18,22
**screwed** 24:17
**second** 13:25
26:1
**secondary**
27:17
**section** 10:7
11:3,5,7,20
13:2,21 14:18
14:25 15:8
16:18 17:12,17
19:2 30:17,24

**sections** 7:22 10:9
**see** 5:2 16:16
**seek** 31:19 35:23
**seeking** 7:21 9:1
**seems** 37:1
**self** 10:15
**sense** 17:21,25 25:11
**sent** 27:12
**separate** 12:2
**sequence** 32:5
**service** 3:3
**set** 5:3 20:19
**settle** 7:23 17:10 29:5,5,6 32:9
**settled** 12:7 21:9 31:13 33:14,15
**settlement** 6:24 7:24,25 8:3,5,6 8:16 11:22 12:3,10,14 14:19 15:2,6 15:18 16:14,15 17:6,7,12,14 18:2,21 19:15 21:10,11,12,18 22:3,8,13,21 23:12,17 24:13 24:20,21 25:24 26:10 28:17,23 29:10 30:4 31:24 35:20

36:2,4,12 38:3 38:18 39:24 41:11
**settlements** 33:11
**settling** 21:8
**shape** 37:12
**sheriff's** 6:18 8:22
**show** 18:10
**shows** 23:8
**shut** 40:8
**side** 20:12 21:9 21:14
**signature** 43:6
**significant** 25:9 27:8
**signing** 6:24 9:25
**signs** 29:13
**silas** 4:8 5:15
**similar** 7:11 21:13 38:7
**simple** 18:2
**simplest** 21:1
**simply** 8:11 21:13
**single** 7:10 12:13 32:20,21
**sister** 34:15
**situation** 28:25 30:3
**situations** 38:7
**six** 21:25
**slander** 19:15
**slandered** 26:6

**slightly** 31:6
**slow** 42:5
**slowly** 20:14
**sole** 38:23
**solutions** 43:20
**sonya** 3:25 43:3,8
**sorry** 18:8 40:25
**sort** 12:16 30:8 37:9 38:2
**sought** 27:14 28:23 35:21 36:5
**southern** 14:8
**speak** 5:11 40:23
**specific** 39:21
**specifically** 9:22 10:5,19 30:16
**specified** 10:9
**spends** 11:21
**spent** 20:23
**square** 18:22 31:23
**squarely** 40:4
**st** 4:15
**stage** 20:19
**stand** 40:14
**standard** 9:13 9:14 21:12 35:22
**stands** 17:5
**started** 8:13 21:20

**starting** 5:7
**state** 8:17 23:12 31:22
**statement** 19:21
**states** 1:1,19 12:4,5
**stating** 22:1
**statutes** 16:8,9
**steven** 1:15 3:5 3:6 4:12 5:6
**stick** 31:25
**stipulate** 31:16
**stipulated** 6:3 13:9 29:11,13 41:10
**stipulation** 31:14
**stipulations** 39:2
**stopped** 21:25
**stopple** 19:12
**story** 17:1
**straight** 25:6
**straightforw...** 26:12
**student** 15:18 15:19,21,23 16:7
**subject** 9:9
**submit** 29:11
**subparagraphs** 10:13
**subsection** 9:24 13:3
**subsections** 10:20

| | | | |
|---|---|---|---|
| **subsequent** 6:12 | **talk** 20:25 | **third** 16:7 34:12 | **trying** 11:22 25:10 |
| **subsequently** 8:13 | **talking** 33:22 | **thirteen** 27:7 27:19 | **turned** 33:12 |
| **substantial** 26:17 | **tanabe** 2:2 | **three** 14:14 16:23 | **two** 9:10,19,24 10:3 14:14 15:23 33:24 34:10,18,20,21 35:12 |
| **sufficient** 41:8 41:10 | **tellingly** 7:9 | **thrown** 35:22 | |
| **suggest** 11:10 11:19 | **ten** 27:5 | **time** 5:3 8:11 11:21 19:3 20:23 21:8,20 25:9 26:17 27:8,13 36:2 39:19 41:20 | **type** 9:8 16:14 34:6 40:4 |
| **suggesting** 29:8,25 41:3 | **terms** 19:1 40:19 | | **types** 9:15,18 16:16 |
| **suing** 33:13 | **terribly** 42:4,5 | | |
| **suite** 4:5 43:22 | **testing** 19:22 | **timely** 36:18 | **u** |
| **summary** 3:1,5 5:22 7:12 19:25 20:8 39:16 | **thank** 5:17 20:9,11,13,15 27:25 28:1,3 35:16,17,17 39:25 40:25 42:10,11 | **title** 9:1 19:15 20:7 26:6 | **u.s.** 2:3 |
| | | **today** 6:3,9 18:11 27:21 42:10 | **unclear** 41:5 |
| | | | **under** 7:11,19 7:22 9:20,24 10:13,20 11:2 11:5 12:15 14:1,1 15:7 19:15 20:2 29:7,10 30:14 30:17 31:15 32:6 35:2,10 36:9,14 37:25 38:16 40:11,16 |
| **supervision** 37:25 38:2,3 | **thanks** 20:16 40:1 42:12 | **todd** 1:8,12 3:1 4:4 5:5,14 6:8 19:25 | |
| **support** 12:6 26:4 30:11 | **theory** 6:2 25:10 35:1 40:17 | **top** 36:10,11 | |
| **supported** 7:8 | **thing** 6:22 11:1 27:2 | **transcribed** 3:25 8:20 | |
| **supreme** 24:4 | **things** 7:24 15:11 18:7 25:7,9 30:21 32:5,8 35:19 40:18,21 | **transcript** 39:16 43:4 | **understand** 25:11 32:12 40:21 41:22 |
| **sure** 28:16 31:7 36:25 37:10 41:1 | | **transfer** 33:15 | |
| | | **treated** 16:8 | |
| **suspect** 22:6 | **think** 6:1 10:24 18:14 20:19,25 22:12 23:20 24:10,15,16,24 25:7,19 26:3 27:2,9 31:3 33:9 35:25 36:6 37:8,15 38:6,7 40:2,7 40:11 | **tries** 15:15,17 | **understanding** 26:23 39:13 40:20 |
| **t** | | **truckload** 31:10 | |
| **t** 43:1,1 | | **true** 12:9 19:21 43:4 | **undisputed** 7:15 15:2 |
| **tables** 33:12 | | **truth** 38:11 | **undoubtedly** 15:23 |
| **take** 5:7 24:6 40:10,10,16 41:19 | | **try** 41:25 | |
| **taken** 6:20 37:17 | | | |

**undue** 15:9,22
**unenforceable** 33:16
**united** 1:1,19
**unknown** 2:5
**unrepresented** 33:1,2
**unsecured** 7:20
**use** 24:12
**used** 36:11

**v**

**v** 1:14
**vacate** 18:5
**valid** 11:23 14:24 17:7 23:4 26:5 28:18 33:4,24 38:18
**validity** 19:9
**validly** 17:10
**various** 27:18
**verification** 3:2,7
**veritext** 43:20
**view** 11:9 28:17
**violated** 20:4
**violates** 6:21 25:24
**violation** 9:3
**void** 6:14,15,15 18:23 19:7,10 19:17 20:2
**voids** 19:3
**voluntarily** 38:16

**w**

**waived** 19:4,6
**waiver** 19:12 26:25
**want** 7:16 9:4 14:4 17:17 25:1 29:5 32:9 35:14,18 40:6 41:1
**wants** 34:1 41:14,24
**way** 10:4 13:25 15:12 17:1 28:6,7,25 29:9 31:6 32:9 34:12 37:12
**ways** 9:10 10:3 15:16 33:24 34:10,18,20,21 35:12
**we've** 20:22 23:6,21 25:4 25:25 28:2 29:22 30:22 38:5
**weeds** 22:15
**weeks** 42:7
**welcome** 5:2 5:16,21
**widgets** 31:10 31:12
**wing** 8:20
**wish** 42:9
**withdrawn** 36:2
**words** 10:14 28:4

**works** 20:15
**worth** 26:19 31:12
**would've** 34:6
**written** 40:4,11 40:12,17 41:21 42:3

**x**

**x** 1:5,11,17

**y**

**yeah** 21:5 26:23 27:16
**year** 27:19
**years** 21:22,25 27:4,5,5,6,7 28:10 30:9
**york** 1:21 14:9